JOHN L. PEARSON v. HORACE A. BOYD.

(Case No. 1638.)

1. TRESPASS TO TRY TITLE — POSSESSION.— Possession by virtue of an executory contract with one who himself claims under a like contract from the patentee is not adverse to that of the patentee until the latter repudiates his contract by selling to other parties, in which case possession under the executory contract will be adverse to that of the second vendee. *Vide* Roosevelt *v.* Davis, 49 Tex., 463; Keys *v.* Mason, 44 Tex., 144.

2. SAME — LIMITATIONS.— One sustaining his claim under the statute of limitations for ten years, can hold the full statutory number of acres. *Vide* R. S.,

Statement of the case.

art. 3195. If, however, he holds under some recorded memoranda of title, he holds only to the extent of the boundary described in the instrument.

3. SAME — JUDGMENT.— When the answer of the defendant is in the nature of a cross-bill, praying that his title be quieted, if the decree be in his favor, it may adjudge title in him for the amount of land described in his answer, though it be for a larger number of acres than that set out in plaintiff's petition.

APPEAL from Limestone. Tried below before the Hon. L. D. Bradley.

Trespass to try title to one hundred acres of land, part of the Lipscomb Norvell headright survey in Limestone county, begun by appellant February 8, 1881. Defendant accepted service and filed his " original answer and plea making James Phillips a plaintiff," which consisted of —

1. An allegation that he was the owner in fee simple of one hundred and sixty acres of land, describing the same by metes and bounds, and being a part of the Lipscomb Norvell grant.

2. That he purchased the one hundred and sixty acres from James Horton on November 1, 1869, and paid him therefor, on May 3, 1870, the sum of $600 in gold, followed by a plea of the statute of limitations of ten years.

3. That James Phillips was the warrantor of plaintiff, and claimed some interest in the one hundred and sixty acres of land, and a prayer that Phillips be made a party plaintiff, which was done.

4. A disclaimer of " any interest in or possession of any part of the land sued for, except what was included in the one hundred and sixty acres."

5. A plea of not guilty, " except his title to and possession of the one hundred and sixty acres."

6. A prayer that his title to the one hundred and sixty acres be confirmed, and that it be divested of clouds, etc.

Pearson and Phillips filed their first supplemental petition, consisting of exceptions to defendant's original answer and plea making James Phillips a party plaintiff, and a general denial. Judgment for defendant for the one hundred and sixty acres of land described in his answer. From this judgment plaintiff appealed to the supreme court. At the Austin term, 1883, the cause was referred, by consent of parties, to the commissioners of appeals, who reversed and remanded same on the ground that James Phillips was not a proper party to the suit.

At the October term, 1883, of the district court, defendant dismissed as to Phillips.

On October 10, 1883, plaintiff Pearson filed his second supplemental petition, consisting of general and special demurrers to defendant's plea of the statute of limitations; also a general denial and special answer by way of replication to defendant's said original answer. On the same day defendant filed a supplemental answer, consisting of a general demurrer to plaintiff's second supplemental petition and a general denial of the allegations therein.

This general demurrer of defendant was sustained, and plaintiff then filed his trial amendment, to which defendant again demurred, and the demurrer was sustained. On the same day, a jury being waived, the parties went to trial, plaintiff on his original petition and defendant on his original answer. The trial resulted in a judgment for defendant for the one hundred and sixty acres of land described in his answer.

Plaintiff, in his second supplemental petition, by way of replication to defendant's plea of the statute of limitations of ten years, alleged in substance that on the 25th day of May, 1869, James Horton, the person under whom defendant claimed title to the land, contracted with Lipscomb Norvell for the purchase of one thousand acres of land, part of Norvell's headright survey, and which included' the one hundred and sixty acres described in the answer. That on the 4th day of February, 1870, James Atkisson and James Phillips (the parties from whom plaintiff purchased the one hundred acres described in his petition) contracted with Norvell for the purchase of the one thousand acres; that on the 1st day of February, 1870, Norvell executed to the said Atkisson and Phillips a deed of conveyance to the one thousand acres, which deed was, on August 8, 1870, delivered; that on the 5th day of August, 1870, James Horton, not having paid the purchase money, instituted a suit in the district court of Sabine county for a specific performance of his contract of May 25, 1869, against Norvell. On the 11th day of August, 1871, said Atkisson and Phillips intervened in suit of Horton v. Norvell, claiming title to the one thousand acres, both as against Horton and Norvell; that at the April term, 1875, this suit was tried and resulted in a verdict and judgment in favor of defendant Norvell as against Horton, and a verdict and judgment for the recovery of the land in favor of Atkisson and Phillips and against both Horton and Norvell, and awarding to Atkisson and Phillips their writ of possession. That from this verdict and judgment Horton never appealed, but from the same Norvell prosecuted an appeal to the supreme court of Texas, and at the Tyler term, 1876, the judgment of the district court was affirmed by the supreme court, and that defendant Boyd

had notice of each and all of said facts at the respective dates of the happening thereof.

Defendant demurred generally to said second supplemental petition, and the demurrer was sustained.

*Thos. J. Gibson*, for appellant.

*A. C. Prendergast* and *L. J. Farrar*, for appellee.

DELANY, J. COM. APP.— In our opinion there is no error in the judgment of the court below which will require its reversal.

Appellant's position is that, as Horton claimed under an executory contract with Norvell, and as Boyd held under a similar contract with Horton, the possession of the latter could not be antagonistic to either of the other two.

In this he is correct. Roosevelt *v.* Davis, 49 Tex., 463; Keys *v.* Mason, 44 Tex., 144.

But when Norvell repudiated his contract with Horton and sold the land to other parties, there was no privity between Boyd and these second vendees, and he could hold against them. See authorities cited above.

In the litigation which took place between Horton and Norvell, and in which the second vendees intervened, Boyd, although in possession, was not made a party; and it is well settled that he was not barred by the judgment.

The sixth and eight assignments are, in effect, that the court erred in adjudging to the defendant one hundred and sixty acres of land under his plea of limitation.

Appellant insists that Boyd had only twenty acres of land inclosed; that he was a mere intruder, and that if he recovered at all, his recovery should be limited to the land actually inclosed; and for this he cites Whitehead *v.* Foley, 28 Tex., 285, and Cantagrel *v.* Von Lupin, 58 Tex., 578.

Counsel appears to have misapprehended the decisions under the different periods of limitation.

Under the statutes of three and five years, a mere intruder would not recover anything; for under the one the holder must have at least color of title, and under the other he must have a deed duly recorded.

But under the long term, if the intruder hold only five acres in accordance with the statute, the law gives him one hundred and sixty acres, including his improvements.

If, however, the occupant holds under some memorandum of title

duly recorded, his possession will then extend to the boundaries specified in the instrument. R. S., secs. 3194, 3195.

The ninth and tenth assignments may be considered together.

Under the ninth appellant objects that the judgment is not sustained by the finding of the court. The court found that the defendant had held *exclusive* adverse possession, while the language of the statute is "peaceable and adverse possession."

This objection is made for the first time in this court. It was not made below, although there was a motion for a new trial.

But whatever may have been the language of the finding, the evidence is sufficient to sustain the judgment.

It is also objected here — though this objection was not made below — that the court erred in adjudging to the defendant the particular tract of land which was described in his answer; but it is not shown or intimated that this tract was more valuable than the adjoining land.

The objection under the eleventh assignment is that the judgment gave the defendant one hundred and sixty acres of land, although the plaintiff in his petition claimed only one hundred acres.

The answer of the defendant amounted to a cross-bill. He claimed the hundred and sixty acres described and then prayed that his title be confirmed and clouds removed, etc. The plaintiff did not disclaim. If he owned the excess over the amount for which he sued he has no cause of complaint.

If he did not own it, he still cannot complain, and the real owner will not be harmed by the judgment.

Our opinion is that the judgment should be affirmed.

AFFIRMED.