## W. M. SIMPSON ET AL. V. HUGH M. JOHNSON.

No. 685. Decided June 20, 1898.

**1. Limitation—Land—Ten Years Possession—Change of Law.**

Ten years adverse possession of a part of a survey of 320 acres, completed prior to the adoption of the Revised Statutes of 1879, gave title to the entire survey as against the true owner not in possession, under the law then existing, which title was not affected by the change introduced by the revision limiting the right so acquired to 160 acres. Pasch. Dig., art. 4624; Rev. Stats. 1879, art. 3195; Rev. Stats. 1895, art. 3344. (Pp. 161, 162.)

**2. Improvements—Possession in Good Faith.**

A claim for improvements in good faith upon a survey in the name of Robert Holbein will not, without other evidence, be supported by proof of deed under which claim is made, but which purports to convey the Robert Hilburn survey, or of a tax deed, with proper description, selling the land for taxes due from Robert Hilburn. (P. 162.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Johnson brought suit in trespass to try title against Simpson and others and recovered judgment, which being affirmed on appeal by defendants, they obtained writ of error.

*Herring & Kelly,* for plaintiffs in error.—The court erred in refusing to render judgment in appellants' favor for the land in controversy, under the ten years statute of limitation, for the reason that the evidence showed that appellants and those under whom they claim title to the land in controversy had peaceable and adverse possession thereof, cultivating, using, and enjoying the same for more than ten years next after plaintiff's cause of action accrued.

Even a void deed will constitute color of title in making out defense under the statute of limitation of ten years to the extent of the boundary described in the deed. Charles v. Saffold, 13 Texas, 113; Wofford v. McKinna, 23 Texas, 46.

If appellant's deeds should be excluded so as to avail her nothing as

color of title, she was still entitled to the whole survey under the ten years statute. Even if plaintiff had been in possession of any part of the land so as to prevent the application of appellant's claim to any part except that actually inclosed, still she would have been entitled to judgment for the land actually occupied by her. Tucker v. Smith, 68 Texas, 474; Claiborne v. Elkins, 79 Texas, 382; Bracken v. Jones, 63 Texas, 184.

Upon trial of this cause in the court below, the court erred in not rendering judgment in favor of appellants for improvements in good faith as shown by the testimony in the cause. It was shown also that appellant was a purchaser in good faith, and the rights incident to such purchase should have been accorded to appellant by the court. House v. Stone, 64 Texas, 683; 25 Am. and Eng. Enc. of Law, 725; Schleicher v. Gatlin, 85 Texas, 275.

*L. C Alexander, Jas. I. Moore,* and *Chas. A. Jennings,* for defendant in error.—The evidence does not show that appellants and those under whom they claim have had peaceable and adverse possession of the land in controversy, cultivating, using, or enjoying the same for the period of ten years. Fuentes v. McDonald, 85 Texas, 135; Sellman v. Hardin, 58 Texas, 86; Robinson v. Bazoon, 79 Texas, 526; Murphy v. Welder, 58 Texas, 241; Claiborne v. Elkins, 79 Texas, 382.

Under the ten years statute, and when the deed is ineffectual for want of proper description, the following cases decide that the occupant takes nothing beyond his actual occupancy. Evans v. Foster, 79 Texas, 51; Claiborne v. Elkins, 79 Texas, 382; Kilpatrick v. Sisneros, 23 Texas, 137; Cantagrel v. Von Lupin, 58 Texas, 578; Whitehead v. Foley, 28 Texas, 289.

The question of improvements in good faith was submitted to the court below on the evidence, and the court having decided the question adversely to appellants, the error on the issue of fact is not reversible in this court unless clearly contrary to the evidence, which it is not. Parish v. Jackson, 69 Texas, 614; Louder v. Schluter, 78 Texas, 108; Holstein v. Adams, 72 Texas, 490; House v. Stone, 64 Texas, 686; Saunders v. Wilson, 19 Texas, 194.

BROWN, ASSOCIATE JUSTICE.—Hugh M. Johnson sued the plaintiffs in error in the District Court of McLennan County to recover a tract of land of 320 acres patented in the name of Robert Holbein in 1845. Before the patent was issued Holbein sold and conveyed the land to Merritt, under whom Johnson claimed, showing a perfect title from the State to himself.

Defendants introduced a deed from Jacob Gross, assessor and collector of taxes for Milam County, Texas, to C. M. Hubby, conveying to the said Hubby a tract of land described by metes and bounds practically the same as contained in the patent from the State to Holbein. The deed from Gross to Hubby recited that Robert Hilburn owed to the State of Texas and county of Milam 24 cents assessed against him for taxes in

the year 1849; that by virtue of the assessment list the assessor and collector, Goss, levied upon the land described in the deed for the amount of taxes before stated, and that he advertised the same in accordance with law and sold it at public outcry to C. M. Hubby, he being the highest bidder therefor, on the 3d day of August, 1850; that deed was duly acknowledged and recorded in Milam County, June 13, 1852, and recorded in McLennan County in 1856.

Defendants also introduced a deed from J. L. Sears to William Fellows, dated October 13, 1866, recorded in McLennan County on the 14th of November, 1866, conveying "the following described land in McLennan County, to wit, being the headright originally granted to Robert Hilburn and containing 320 acres on the waters of Hog Creek, sold to J. C. Johnson by C. M. Hubby, June 30, 1858, and for more particular description reference is here made to the records of said McLennan County, book H, page 701."

The following is the finding of the Court of Civil Appeals upon the question of possession by the defendants and those under whom they claimed:

"It was shown by J. L. Sears, appellants' remote vendor, that he had known this Hilburn or Holbein survey since 1857; that when J. C. Johnson bought the land from C. M. Hubby in 1858 he immediately moved onto it and built a house on it, in which he lived, and broke up about ten acres of land and fenced in a garden, and continued in possession until Sears bought it in, in 1860, and at that time that he, Sears, owned the adjoining William Smith survey, and that he, Sears, put in cultivation a field including a part of both surveys of about twenty acres, of which there were about five acres on the Holbein survey, and that the land thus inclosed has been in yearly cultivation for about thirty-three years, and that the possession has been continuous down to and including the claim and title of the appellants herein, and that their improvements on the land are worth from $150 to $200, and that he, Sears, sold the land to appellants' vendor, who paid him $600 for the land, and who went into immediate possession of the land under the deed which Sears executed to him."

Prior to the first day of September, 1879, the following law was in force in this State: "Ten years of such peaceable possession and cultivation, use, or enjoyment thereof, without any evidence of title, shall give to such naked possessor full property, precursive of all other claims, in and to 640 acres of land, including his, her, or their improvements." Pasch. Dig., art. 4624. That article was a part of the statute of limitations applicable to land titles, in lieu of which the Revised Statutes which took effect September 1, 1879, contained the following: "The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action shall be construed to embrace not more than 160 acres, including the improvements." * * * Rev. Stats., art. 3344.

The possession under which plaintiffs in error claim began in 1858, and was peaceable, adverse, and continuous until after the 1st day of September, 1879. Counting from January 1, 1859, twenty years and eight months elapsed before the law was changed, but during that time the statute of limitations was suspended from January 28, 1861, to March 30, 1870, a period of nine years and two months, which being subtracted from the period of possession leaves eleven years and six months during which the statute of limitations was running. The law then in force gave title by such possession to 640 acres. It follows from these facts that the defendants had acquired title by limitation to the entire 320 acres before the change of the law in 1879, and were entitled to a judgment upon the facts as found by the Court of Civil Appeals.

Plaintiffs in error complain that the trial court erred in not allowing their claim for improvements made in good faith, but the deeds admitted, without other evidence, will not sustain that claim. A number of deeds offered in evidence by plaintiffs in error were excluded by the trial court, but that action of the court is not assigned in this court, and the excluded deeds can not be considered by us upon this question.

Upon the facts found by the Court of Civil Appeals we conclude that the District Court erred in rendering judgment against the plaintiffs in error and that the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed, and that this cause be remanded for further trial.

*Reversed and remanded.*