## E. P. HAIGLER v. J. H. POPE.

Decided December 23, 1903.

**Limitation—Ten Years—Limit of Possession.**

Adverse possession for ten years of a portion only of a town lot, gives title to the limits of a lot, though not held under a deed defining the limits of the constructive possession.

Appeal from the District Court of Travis. Tried below before Hon. R. L. Penn.

*James & Yesser,* for appellant.

*J. P. Hamer,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, the subject matter being a town lot situated in the city of Austin. Appellee was plaintiff and appellant defendant, and the original petition was filed October 24, 1902.

One of the pleas relied on by the defendant was the ten years statute of limitations. After hearing all the testimony, the trial court directed a verdict for the plaintiff, and the correctness of so doing is the only question presented for decision.

On January 8, 1889, the defendant executed a deed of trust to James V. Bergen, trustee, with a covenant of general warranty of title, conveying the property in controversy, to secure a note executed by the defendant to the plaintiff. Thereafter a suit was commenced in the District Court of Travis County, which on May 18, 1891, resulted in a judgment for Pope and against Haigler for the amount of the note and foreclosure of the lien on the property. Under an order of sale issued to enforce that judgment the property in controversy was, on August 18, 1891, sold and conveyed to Lula C. Templeton, who thereafter conveyed it to John H. Pope, the plaintiff.

Adjoining the lot in controversy is a lot owned by two of the defendant's children, upon which is a residence in which the defendant has resided since 1896. For several years, the entire lot in controversy was inclosed by a fence, which connected with the fence inclosing the lot on which the residence was situated.

The defendant submitted testimony tending to show that for more than ten years next preceding this suit, and after title had passed from him under the foreclosure sale, he or persons holding under him had been in exclusive, continuous and adverse occupancy of the house on the adjoining lot, and in adverse possession of and using at least a portion of the lot in controversy. However, during that time much of the fence, perhaps half of it, was removed; and for two or three years of the time required to constitute the bar all of the lot was not inclosed, nor was it all, during that time, in the actual possession of the defendant. But

there was testimony tending to show that during the time of the break in the larger inclosure the defendant had a small inclosure on one end of the lot which he used as a cow pen. As to the exact dimensions of the latter, the evidence was uncertain.

There was also testimony tending to show that, during all the time referred to, the defendant was asserting claim to the entire lot.

The record indicates that the trial court was of the opinion (1) that the evidence was too uncertain as to the location and dimensions of the cow pen to warrant a verdict and judgment for the defendant for that part of the land; and (2) that as the defendant had not been in actual possession of the remainder for ten consecutive years, and had failed to show that he claimed under some character of written instrument fixing the boundaries of his claim, his plea of limitation could not prevail.

Whether or not the court was correct on the first point we deem it unnecessary to decide, as upon another trial the location and dimensions of the cow pen can be shown.

On the other question, however, the trial court fell into error. Pearson v. Boyd, 62 Texas, 541; Craig v. Cartwright, 65 Texas, 413; Simpson v. Johnson, 46 S. W. Rep., 628; McCarty v. Johnson, 49 S. W. Rep., 1099; Nativel v. Raymond, 1 Texas Ct. Rep., 210.

In the last case cited, it was shown that for more than ten years the defendant had been in actual adverse possession of a portion of a survey, claiming all of it; and, although he claimed under no muniment of title fixing boundaries, the Court of Civil Appeals held that he had acquired title to the entire survey under the ten years statute of limitations. That was the only question involved in the appeal, and as the Supreme Court refused to grant a writ of error, that case may now be regarded as final authority on that point.

Our conclusion is that the trial court erred in not submitting to the jury the question of limitation; and therefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*