## SMITH et al. v. LOFTIS.    (No. 2577.)

(Court of Civil Appeals of Texas.    Amarillo.
Jan. 13, 1926.    Rehearing Denied
Feb. 24, 1926.)

1. Vendor and purchaser ⊘═245—Defendants' possession of strip of lot held not such as to impute, as matter of law, notice they claimed entire lot.

Defendants' possession of a strip of a lot occupied by part of a blacksmith shop located partly on their own lot and used as a place for keeping their junk *held* not such as to impute to purchaser, as matter of law, notice that defendants claimed the entire lot.

2. Evidence ⊘═474(18)—Witness not knowing market value incompetent to testify as to adequacy of consideration.

Witness who testified he did not know value of lot was not competent to testify as to adequacy or inadequacy of price paid and received for lot, in absence of any other showing that he knew market value.

3. Appeal and error ⊘═664(4).

Where conflict between bills of exceptions and statement of facts exists in civil cases, appellate court is controlled by latter.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Action by C. L. Loftis against M. Smith and another. Judgment for plaintiff, and defendants appeal. Affirmed.

J. Ross Bell, of Paducah, for appellants.
I. A. Whitus, of Pittsburg, and James M. Whatley, of Paducah, for appellee.

JACKSON, J. This is a suit in the form of trespass to try title, filed in the district court of Cottle county, Tex., by C. L. Loftis, who is appellee herein, against M. Smith and C. S. Smith, who are appellants herein, to recover title and possession of lot 15 in block

No. 3 in the town of Paducah, in Cottle county, Tex. The appellants both answered by general demurrer, general denial, and plea of not guilty, and appellant M. Smith specially pleaded the ten-year statute of limitations.

The case was tried before the court without the intervention of a jury, and at the conclusion of the evidence the court entered judgment for appellee for the lot in controversy, except a strip beginning at the southwest corner of said lot; thence east with the south line of said lot 38 feet; thence north 5.5 feet; thence in a westerly direction 38 feet to a point in the west boundary line of said lot; thence south with the west boundary line 4.1 feet to the place of beginning.

At the request of appellants, the court filed findings of fact to the effect that appellee is the owner of the record title to said lot by a regular chain of title from the state of Texas, and that he and those under whom he claims have paid taxes thereon for 30-odd years, with the exception of one year; that appellant M. Smith is 83 years of age, and while physically able to get around, his mind is affected to such an extent that he is not competent to testify in the case; that when the town of Paducah was laid off and platted 30-odd years ago, the owners of the town site of Paducah promised to give lots to any one who would erect thereon a business house; at first they were to give one lot as a business lot to any one who would put a building upon it, and afterwards to give an additional lot to induce people to build on the building lots of the town; that appellant M. Smith, 30-odd years ago, moved his blacksmith shop into the town and located it partly on lot 16 and partly on 15 in block 3, with an agreement and promise of the owners that they would give him two business lots in consideration of his moving his shop into town; that when they deeded the lots to appellant M. Smith, they conveyed to him lot 16, in block No. 3, which is a business lot, and lot 15, in block No. 2, which is a residence lot; that after moving his shop into town he occupied it as a blacksmith shop until 6 years ago, since which time, until the present, he has occupied the shop by tenant, who is appellant C. S. Smith; that during the time he occupied said shop he claimed to own lot 15, as well as lot 16, in block No. 3, but never occupied any of lot 15 except the part that his shop was on, only to place thereon old scrap iron and cinders, and that he has never rendered said lot 15 for taxation, nor paid taxes thereon; that some 12 years or more ago appellant M. Smith was informed by his son-in-law, J. W. Carroll, that he had no deed to lot 15, and that thereafter he asserted no other claim to the lot than he had asserted theretofore, made no effort to get a deed, nor to bring suit for the lot, and that his mind was not impaired until some 6 years ago; that the appellant M. Smith's adverse possession to lot 15, in block No. 3, the lot in controversy, was not sufficiently clear, open, and notorious to put the record owner or the world on notice that he was claiming any part of said lot except that portion covered by his blacksmith shop. The court found as a conclusion of law, from these facts, that appellant M. Smith only acquired title by limitation to the part of lot 15 covered by his said shop, as described in the judgment.

Appellants assign as error the action of the court in rendering judgment for appellee for any part of the lot in controversy, because having found, as a fact, that M. Smith has had his blacksmith shop located on a substantial part of said lot for more than 30 years, during which time he openly claimed the entire lot and used it to pile his scrap iron and cinders on in connection with his shop, the finding of the court that the adverse possession of said appellant was not sufficiently clear, open, and notorious to put the record owner and the world on notice that he was claiming any part of the lot except the part on which his blacksmith shop was located, was unauthorized.

Appellee testified that he had been in business since 1915 just across the street from the blacksmith shop, and he did not know that any part of the shop was on 15, and had never heard that M. Smith was claiming said lot until right recently; that he had a conversation with Mr. Carroll, who was a son-in-law of M. Smith, about whether or not Mr. Smith claimed the lot, and Mr. Carroll told him that Mr. Smith did not claim the lot and he would move the house back any time that appellee got ready to build thereon; that this conversation was about the first of January, 1925.

C. L. Hollis testified that he had lived in Paducah for 16 years; had been county clerk for 6 years; had known M. Smith all the time; had frequently visited his shop; had told him that he had purchased lot 15 and tried to purchase lot 16 from appellant, who told him that he did not claim lot 15, and that he had never heard from any source that appellant was claiming lot 15, until long after his purchase thereof; that he purchased lot 15 from D. L. Moore, to whom it was deeded the same day that lot 16 was deeded to M. Smith.

Mr. Carroll testified that he was the son-in-law of M. Smith, and had been county surveyor of Cottle county for 22 years, and that back in 1912 or 1913 he told Smith that he did not have any record title to the lot.

The record discloses that the lot in controversy is 25 feet front, by 115 feet in depth; that the shop is about 18 feet wide, by 40½ feet in length; that it extends out into the street 2½ feet, and is 4.1 feet over on the lot in controversy at the front of the lot, and 5.5 feet over on the lot at the back

end of the building, which is 38 feet from the front of the lot; that junk was piled, not only on the lot in controversy, but on other lots around there; and that other parties used it upon which to park automobiles.

While the law charged appellee with knowledge of the location of his boundaries and of the improvements placed on the lot by appellants, the notice to appellee of the extent of appellants' claim comes only by virtue of such possession as they had, because the testimony tends to show that appellee had no notice of their claim or the extent thereof, except such as the law imputes to him by virtue of such possession. Was appellants' possession, as disclosed by this record, sufficient as a matter of law to charge appellee with notice that they were claiming the entire lot?

In the cases of Bracken v. Jones, 63 Tex. 184, Holland v. Nance, 114 S. W. 346, 102 Tex. 177, and Bender v. Brooks, 127 S. W. 168, 103 Tex. 329, Ann. Cas. 1913A, 559, the courts held that as a matter of law the possession relied on was not sufficient to extend the claim by construction beyond the land actually occupied. In discussing these cases, Judge Williams, in Smith v. Jones et al., 132 S. W. 469, 103 Tex. 632, 31 L. R. A. (N. S.) 153, says:

"The facts were held to present a question of law and not one of fact for the jury. It must be kept constantly in mind that, in applying a proposition like that, the facts of particular cases must be carefully regarded, and that additional facts may easily take the question, whether or not the evidences of possession and adverse claim were sufficiently certain and unequivocal to give notice to reasonably diligent owners, out of the province of the court and into that of the jury."

He then summarizes the facts tending to show adverse possession, in the case of Smith v. Jones, supra, and continues:

"It may be that there was enough uncertainty left by the circumstances to raise a question of fact as to the sufficiency of the possession in the respects before referred to; but we think it is not true that those circumstances were clearly such as to justify the holding as matter of law that the possession was too deceptive in its appearances to support the defense."

In the case of Thompson et al. v. Richardson, by the Commission of Appeals, 221 S. W. 952, the jury found, in effect, that the possession of defendants who relied on the ten-year statute of limitation extended their claim only to their inclosures. The court says:

"The fundamental basis upon which rests the limitation statute is that the one who asserts title by limitation must have taken possession of the property with the intention to assert a claim to the land, and that his possession must be such as will bring notice to the title holder of his claim. * * * Under the ten-year statute, no deed is necessary; no muniment of title is required; and the possession in compliance with the terms of the statute, in the absence of evidence to the contrary, carries with it the presumption that it is held under a claim to the land. However, where the evidence raises the issue as to the assertion of a claim of which the possession is notice, it then becomes a jury question, and their finding is conclusive."

In approving the recommendations of the Commission of Appeals to reverse and remand the judgment in the case of Vergara v. Myers et al., 239 S. W. 942, in which survey No. 1669 was in controversy, Chief Justice Cureton of the Supreme Court says:

"It is because we cannot find that the extension of a field on an adjoining tract so as to include four or five acres of survey No. 1669, together with two tanks and two reservoirs, constitutes, as a matter of law, such adverse possession as gave notice to the owner of the occupant's claim to the whole of survey No. 1669, that we do not render judgment for plaintiff in error for 160 acres. Instead, we enter the judgment recommended by the Commission of Appeals, and remand the cause, leaving for determination, under a fuller and clearer development of the facts whether plaintiff in error's title matured to 160 acres or to only the land on survey No. 1669 covered by the improvements."

[1] The law seems to be settled by the decisions of our courts that under such a state of facts as this record reveals, it cannot be said as a matter of law that possession such as appellants had and relied on would impute to appellee notice that they were claiming the entire lot in controversy. Hence the record presents the question as an issue of fact which the trial court determined adversely to the contention of appellants, for which reason this assignment is overruled. In addition to the authorities cited supra, see McBurney et al. v. Knox, 241 S. W. 1000, 111 Tex. 510; Stevenson v. Barrow et al. (Tex. Civ. App.) 265 S. W. 602; Bemrod v. Wright et al. (Tex. Civ. App.) 273 S. W. 938; Nerio v. Christen et al. (Tex. Civ. App.) 189 S. W. 1038; Houston Oil Co. of Texas v. Griffin (Tex. Civ. App.) 166 S. W. 902; Fielder et al. v. Houston Oil Co. of Texas et al. (Tex. Com. App.) 208 S. W. 158; Craver v. Ragon (Tex. Civ. App.) 110 S. W. 489; Haigler v. Pope, 77 S. W. 1039, 34 Tex. Civ. App. 124.

[2] Appellants assign as error the action of the trial court in excluding the testimony of the witness C. L. Hollis, by whom, according to the bill of exceptions, they offered to show the value of the lot in question was not less than $1,500, and at the time the witness purchased the lot he paid an inadequate price, and at the time appellee purchased the lot the price paid was inadequate, and that the reason an inadequate price was paid in each of these transactions was because both the witness and appellee had knowledge of appellants' claim. The bill does not dis-

close affirmatively that the witness would have so testified, nor does it show what objections were made to the admission of the testimony. The statement of facts discloses that this witness testified that he was not capable of saying what the lot is worth; that he had told appellant M. Smith of his purchase of the lot and that Mr. Smith did not claim the lot, but told witness affirmatively that he did not claim it, and that no one ever claimed the lot, within his knowledge, until a short time ago. This testimony shows that the witness was not competent to testify as to the value of the lot, and there is nothing in the record even tending to show that he knew the market value of, the lot at the time he purchased it, or at the time he sold it to appellee. Therefore, under the conditions presented by the record, his testimony as to the adequacy or inadequacy of the price he paid or received for the lot would not have been admissible unless his qualifications to testify to value had been shown.

[3] In civil cases in any conflict between bills of exceptions and the statement of facts, the appellate court is controlled by the latter. Ramsey v. Hurley, 12 S. W. 56, 72 Tex. 194; Mills v. Mills et al., 253 S. W. 542; Bell v. Mulkey (Tex. Civ. App.) 248 S. W. 785.

What has been said disposes of appellants' contentions, and the judgment is affirmed.