## CITY OF WACO v. ROBERTS et al.
### (No. 718.)

Court of Civil Appeals of Texas. Waco.
Nov. 1, 1928.

Rehearing Denied Jan. 10, 1929.

Geo. Morrow and John McGlasson, both of Waco, for appellant.

Bryan & Maxwell, of Waco, for appellees.

BARCUS, J. Appellees owned a tract of land in Waco, about 118 feet frontage and running back about 200 feet, about two blocks from Waco creek, on which land were located three houses, one of them being occupied by appellees as their family residence. Appellant dug a channel and changed said creek, making same run near appellees' property. Appellees instituted this suit to recover compensation for the permanent damage which they claimed to have suffered by the new channel being dug and the embankment made by dirt piled on the side thereof in such a way that the water was impounded and held on their land and caused to stand under the

houses and on the premises, thereby depreciating the value of said property for residential purposes. Appellant filed a number of special exceptions and a general denial. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered for appellees for $2,000.

Appellant by its first assignment of error contends that the trial court committed error in overruling its general demurrer to appellees' petition, by reason of the fact that said petition did not allege that a claim for damage had been filed with the city secretary, as required by article 3, § 3 of the City Charter, which reads: "The City of Waco shall not be held responsible on account of any claim for damage to any person or property, unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the City Secretary a true statement under oath as to the nature and character of such damages or injuries, the extent of same and place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof."

We overrule this assignment. The above provision is contained in many of the charters of the cities in Texas, and has been upheld by our courts in so far as it affects suits for personal injuries. It seems to be well settled that where a city itself has damaged real estate, it is not necessary for the owner thereof to file any claim for said damages with the city as a condition precedent to recover therefor. Article 1, § 17, State Constitution; City of Fort Worth v. Ashley (Tex. Civ. App.) 197 S. W. 307; City of Houston v. Kleinecke (Tex. Civ. App.) 26 S. W. 250; City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633.

Appellant assigns error to the action of the trial court in overruling its special exceptions to appellees' pleadings with reference to the damage it had done to the property in destroying same as their home, and with reference to the depreciation occasioned by a public swimming hole being created by the digging of said channel near his residence. We do not think there was any error in the court's action with reference thereto. The measure of damage depended in a large measure upon the use the property was being put to, whether residential or business, whether vacant or occupied property, and, in arriving at the measure of damage, it was proper for the jury to consider these matters. If, however, it could be said that any of the exceptions urged by appellant should have been sustained, it does not appear that appellant has suffered any damage by reason thereof, and same would not cause a reversal. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

The trial court asked the jury, first, whether the city caused the new channel of Waco creek to be dug, and, second, whether it caused the embankment to be erected on the side of said channel near appellees' property. The jury answered each of said questions in the affirmative. The jury also found that the embankment caused water to be impounded on appellees' property. The court then asked the jury to find the reasonable market value of appellees' property immediately prior to the construction of the channel and embankment and the reasonable market value immediately after the construction thereof.

Appellant contends that there was no evidence authorizing the submission of the issue as to whether it erected the embankment. We overrule this contention. The city attorney and city secretary and all witnesses asked about the matter testified the city dug the channel and had the dirt removed therefrom, and that same was done under the supervision of appellant.

Appellant contends that the issue asking the jury to determine the reasonable market value before and after the channel and embankment were constructed is duplicitous, in that it submits the question as to the construction of the channel and embankment, rather than submitting the question of the construction of the channel and the building of the embankment in two separate issues. We do not think the issue as submitted is duplicitous, since it was all one and the same act committed by the city, which constituted as a whole the cause of the damage claimed by appellees.

Appellant complains of the action of the trial court in permitting the witness Heugatter to testify as to the market value of the property before and after the damage complained of, without giving it an opportunity to cross-examine said witness on voir dire to determine whether or not said witness was qualified. The rule seems to be well established that where a witness states positively he knows the market value of the property in controversy, he thereby prima facie becomes qualified to testify as an expert, and his testimony is admissible as such. Foster v. Burgin (Tex. Civ. App.) 244 S. W. 244, and authorities there cited. It then becomes a question, after the witness has fully testified on both direct and cross-examination, as to the weight the jury will give his testimony.

Appellant complains of the action of the trial court in refusing to permit the witness Ben Richards to testify with reference to the value of the property immediately before and immediately after the channel in question was constructed and the embankment built. The bill of exception varies materially from the statement of facts, and, where there is a contradiction between the bill of exception and the statement of facts, the statement of facts must control. Smith

v. Loftis (Tex. Civ. App.) 281 S. W. 604. The bill of exception shows that said witness would have testified that the reasonable market value of the property as a whole before as well as after the channel was constructed and the embankment built was $5,000, and that the court refused to let said witness so testify. The statement of facts shows that Mr. Richards testified fully with reference to the value of the real estate prior to the time the channel was built, and testified that in his opinion the real estate, independent of improvements, was worth from thirteen to fifteen hundred dollars; that he did not know and could not tell the reasonable market value of the land after the channel was dug. He testified positively that he had never examined the three houses upon said property and did not know the value thereof either before or after the construction of the channel. This being the condition of the record, it does not appear that there was any error in the court's action which would authorize this court to reverse said cause by reason of the exclusion of the proffered testimony.

Appellant complains of the action of the trial court in refusing to permit the witness John Walton to answer the question: "What improvements are on the Abrahams and Salome property?" The statement of facts shows that said witness answered said question fully, stating there were three houses on said property of something like five rooms each, and that it had a store on it. The statement of facts showing that the question was fully answered, it must control rather than the bill of exceptions. Alsabrook v. Bishop (Tex. Civ. App.) 295 S. W. 646; Smith v. Loftis, supra.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.