## CARPENTER et al. v. PARMER COUNTY.

### No. 3850.

Court of Civil Appeals of Texas. Amarillo.
June 22, 1932.

L. C. Counts, of Olney, and Cecil H. Tate, of Muleshoe, for appellants.

W. H. Russell, of Hereford, and J. D. Thomas, of Farwell, for appellee.

HALL, C. J.

C. C. Carpenter and J. D. Carpenter filed separate suits in Parmer county to recover of the county certain lands or damages for the appropriation thereof for road purposes. These two suits were consolidated and all parties were ordered to replead.

By their petition the appellants in the case as consolidated seek to recover damages in the sum of $1,094.20, which is alleged to be the value of the land belonging to them which was actually taken by the county for road purposes. By their amended petition they do not seek to recover either the land or damages to the remainder of the land not taken, and they also abandoned their prayer for an injunction.

The county answered by general demurrer, a plea to the jurisdiction of the district court, and a general denial. The answer further alleges that in December, 1929, a petition, signed by more than eight "free voters," was presented to the commissioners' court to open a public road over the lands owned by appellants. It is alleged that the jury of view gave appellants notice as required by statute and that appellant J. D. Carpenter presented a claim for damages in the sum of $1,075, which was by the jury presented to the commissioners' court. That said claim was rejected, from which action J. D. Carpenter did not appeal and is now estopped to assert damages. They further allege that the road was opened in 1909 as shown by the minutes of the commissioners' court of Parmer county and has been continually used by the public generally and recognized as a public road, and that J. D. Carpenter's claim for damages is barred by the statute of limitation. That the commissioners' court allowed J. D. Carpenter $15 damages, but no appeal was prosecuted. That as to the claim of C. C. Carpenter, the county alleges that the same was presented to the jury of view and to the commissioners' court and allowed in the sum of $15. That if he had no notice of the meeting of the jury of view, such notice was waived by the presentation of his claim. That he also failed to appeal.

Every paragraph of the answer was excepted to and the exceptions overruled.

■ Paragraph 6, which attempts to defend upon the ground that a public road had been established by prescription, is wholly insufficient. The record tends to show that a road across the land had been occasionally traveled, but that it was open, unoccupied prairie land and that use was merely permissive. Neither the allegations nor the proof are sufficient.

■ Neither of the Carpenters resided in Parmer county. It appears that a man by the name of Wagnon resided upon the land of one of the appellants; that he signed a petition asking for the opening of the road and was one of the jury of view. Both of the Carpenters testified that they had no notice from the jury of view of the time and place when the jury would meet to pass upon claims for damages. They denied that Wagnon was authorized to represent them in any

particular, and in the absence of express authorization he certainly could not be their agent and represent the county at the same time. The record fails to show the notice required by the statute (Rev. St. 1925, art. 6709).

As said by Judge Phillips in Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, 1164: "Notice provided for which is personal to the land owner to be affected by the laying out of the road may of course be waived by him. But it is clear that he cannot waive any requirement of the statute in which the public generally is interested. * * * It is also an elementary rule that for an appearance to constitute a waiver of notice it must be such as secures to the person entitled to the notice the same opportunity and the same benefit he would have had if the legal notice had been given."

Testimony of appellants upon the question of notice is important in this case only in so far as it may tend to show consent on the part of the Carpenters to the appropriation of their land for road purposes without compensation.

The Constitution, art. 1, § 17, provides: "No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by the consent of such person."

[3] We have reviewed the statement of facts carefully, and there is not a scintilla of testimony which shows or tends to show that either of the appellants ever consented to the taking of their land without compensation, and the judgment of the trial court denying them a recovery to the extent of the value of the land taken is in the face of the constitutional guaranty and fundamentally erroneous.

As said in 16 Tex. Jur. 952, § 280: "Consent by a land owner to an entry upon his land and the construction of a public work thereon operates as a waiver of any right to recover the land or to enjoin the work. However, the consent to an entry upon the land is not construed as an abandonment of the right to have compensation subsequently adjusted unless the circumstances are such that this is the only proper inference from the conduct of the plaintiff. Again, no estoppel is raised by conduct merely amounting to refraining from taking any action. In the absence of some special statutory provision, the right of action for damages is not waived or lost by the land owner's inaction for any period short of the statutory period of limitation."

In construing the above-quoted article of the Constitution, in Craig v. City of Dallas (Tex. Civ. App.) 20 S.W.(2d) 154, 156, the court said: "This provision is mandatory and made the right of plaintiff to just compensation for damage to his property absolute and placed it beyond the power of the Legislature to impose conditions on such right of recovery or to otherwise qualify it."

In the case of City of Waco v. Roberts (Tex. Civ. App.) 12 S.W.(2d) 263, 264, the court, in discussing a provision of the city charter which required a party claiming to be damaged to present his claim within thirty days, said: "The above provision is contained in many of the charters of the cities in Texas, and has been upheld by our courts in so far as it affects suits for personal injuries. It seems to be well settled that where a city itself has damaged real estate, it is not necessary for the owner thereof to file any claim for said damages with the city as a condition precedent to recover therefor."

That judgment was affirmed by the Supreme Court in 48 S.W.(2d) 577, 578, in which Judge Cureton said: "Under the allegations of the petition and the findings of the jury what the city has done amounts to a taking of the property of the defendants in error without compliance with the mandatory provisions of section 17 of article 1 of the Constitution which provides that: 'No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made unless by the consent of such person; and when taken, except for the use of the state, such compensation shall be first made, or secured by a deposit of money.' [Citing numerous cases.] * * * The Constitution, section 17, art. 1, having fixed the method by which a city may take or damage private property for public use without liability for tort, the constitutional method was exclusive, and the Legislature was without power to prescribe any other method to accomplish the same purpose." Judge Cureton further said in that same case: "The right to such compensation is secured by the constitution, and cannot be taken away by the legislature."

Of course, if upon another trial it is alleged and shown that the road has been established by prescription, the Carpenters would not be entitled to recover in this action, nor could they recover if the county, by previous statutory methods, had lawfully established the road over the same property for which compensation is now being claimed.

In the absence of any such proof, or in the absence of substantial proof that the Carpenters have consented that the road in question might be established by the county without compensation to them, the trial court is without authority to deny them adequate compensation. Their right thereto is established by the Constitution and is absolute, and no act of the Legislature can deprive them of such right. The duty imposed upon

the court in the absence of consent to award them adequate compensation for the land taken, is mandatory.

For the reasons stated, the judgment is reversed, and the cause remanded.