**WHEELIS et al. v. MAXWELL et al.**

No. 5217.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 3, 1938.

Rehearing Denied Nov. 10, 1938.

Clower & Bezoni, of Tyler, for appellants.

Turner, Rodgers, Winn & Sellers, of Dallas, McEntire, James & Shank, of Tyler, Brachfield & Wolfe, of Henderson, and Clay Tallman, L. A. Thompson, Jr., and Donald Campbell, all of Tulsa, Okl., for appellees.

WILLIAMS, Justice..

H. C. Maxwell and his leaseholder, the Stanolind Oil and Gas Company, brought this suit against J. W. Wheelis, his children, Bell, a teaming contractor, and Johnson & Burnham, drilling contractors. Plaintiffs, in a formal trespass to try title action which described 108.52 acres of land, also pleaded title under the Texas 3, 5, 10, and 25-year statutes of limitation. Arts. 5507, 5509, 5510, and 5519, R.C.S. of Texas.

Plaintiffs further alleged that defendants were going into possession of a part of the land lying North of the Tyler-Henderson road and were about to drill an oil well thereon; that defendants had recognized this road as the boundary line dividing the Maxwell land on the North and the Wheelis land on the South, and asked for temporary injunction.

Defendants disclaimed as to the 108.52 acres, save and except .17-acre of same, described to-wit: "Beginning at a stake at the center of Tyler-Henderson road which is the N. E. corner of a 14.91 acre tract leased to W. M. Lee; Thence S 88° W 153.3 ft. to a stake in said road; Thence N 4° E 55.6 ft. to a stake; Thence N 87° E 153.5 ft. to a stake; Thence S to place of beginning." Defendants further answered with a general demurrer, general and special denials, and plea of not guilty. And in their cross action pleaded a formal trespass to try title action to the .17-acre above described, and set up title under the 5, and 10 years statutes of limitation.

After both sides rested the trial court instructed the jury to return a verdict for plaintiffs. The respective parties will be referred to as they were styled in the trial court.

Neither of these litigants by assignments of error or otherwise contends that the evidence presents a question of fact upon any issue. The concluding paragraph of appellants' (defendants') brief concisely reflects their views in this appeal, which reads: "We respectfully submit to the court that the evidence has been thoroughly developed in this cause and that the defendants hold under a superior chain of title and have been in possession under a superior deed describing the land in controversy and that even though Maxwell had deeds in his chain of title that would later cover and include the land in controversy, that all the evidence shows that he had no actual possession of this portion of the land, and therefore, we think that Wheelis had the superior title to the land and there is no estoppel nor any adjudication of the title that would bind Wheelis in any manner, and that the Appellants in this case are entitled to a judgment vesting in them the land in controversy, and we respectfully submit that this case should be reversed and rendered."

Appellants' proposition No. 1 reads: "Appellants being in possession under a

prior deed of record and having a superior record title to the land in controversy, appellees could not acquire title by adverse possession to any of the land not in their actual possession."

Appellees' fifth proposition reads: "H. C. Maxwell and Stanolind Oil and Gas Company, under the uncontroverted evidence, have a title under the five-, ten- and twenty-five year statutes of limitation to all of the 19-acre tract, including the strip down to and simultaneous with the London-Arp Road, and their title must be sustained."

Plaintiffs and defendants each proved title out of J. M. Smith. The field notes in a deed from J. M. Smith to W. H. Harrison et al. dated May 25, 1871, filed for record same date, will include the .17-acre. The field notes in a deed executed later by J. M. Smith to S. G. Smith dated August 8, 1871, recorded May 8, 1872, will also include this .17-acre. It is evident that the prior outstanding title was in Harrison et al. at the date of the last deed. Without enumerating the various conveyances or detailing the field note description in each, the Harrison et al. title passed by mesne conveyances into J. C. Barksdale by a deed dated July 8, 1881. J. P. Hamilton by deed dated December 9, 1885, filed for record September 7, 1886, conveyed to Mrs. Alice Florence a parcel of land described, to-wit: "Beginning at the S. E. cor. of a lot sold by Eskridge to S. G. Smith; Thence N. 292 vrs. to a stake; Thence W 730 vrs. to Truitt's E. line; Thence with said line ——— vrs. to the London and Tyler road to a stake; Thence East with said public road 675 vrs; Thence N about 20 vrs. a stake; Thence E 55 vrs. to the place of beginning, containing 30 acres, more or less." Each of the conveyances in the record chain of title from Barksdale to Hamilton contained these same field notes. It is to be observed that the first call in above field notes should have read South in order to enclose a tract of land or to locate the 20x55 varas (the parcel in controversy) on the North side of the Tyler-Henderson road. Mrs. Florence who subsequently married John L. Grissom, joined by him, conveyed to W. H. Barton by deed dated December 17, 1892, filed for record December 11, 1893, a parcel of land described as follows: " * * * a part of the Francis Cordova league, containing thirty acres & bounded on the north by the old Tyler road Beg at S. W.

C. of Tract sold by A. M. Wooley to Jno. Weeks running with said road to Mrs. Truitt's tract. Thence South to tract sold by Eskridge to T. L. P. Holleman, Thence East with Holleman north line to Weeks 5 acres tract; Thence north to beginning containing 30 acres of land." Regardless of the description of the land contained in the deed into Mrs. Florence, the description of the land included in her conveyance into Barton does not include or describe any land North of the Tyler-Henderson road. For, she calls this public road to be the North boundary line of the tract. So the prior record title that passed into Harrison et al. now rests in either Barksdale or Mrs. Florence unless title has been taken out by another under one of the Texas limitation statutes. Barton conveyed this 30-acre tract under the last mentioned description to General H. Crow by deed dated October 27, 1890, filed for record on same date. Crow by deed dated December 11, 1893, filed for record same day, conveyed to J. G. Duncan 15.3 acres off the East side of a 30-acre tract. The same field notes as contained in the deed from Hamilton to Mrs. Florence are again used in describing the 30 acres. Duncan by deed dated June 17, 1901, filed for record January 27, 1903, using the same description, conveyed to Finney, who under same field notes by deed dated December 5, 1919, filed for record April 6, 1920, conveyed to defendant Wheelis the 15.3-acre tract.

The tract of land described in plaintiffs' petition is composed of a 19-acre tract and an 83.5-acre tract which, as per a subsequent survey, aggregates 108.52 acres. The Tyler-Henderson road is called for as the South boundary line in the description of said land. The 83.5-acre tract does not enter into the disposition of this controversy. The description of the 19 acres in a deed dated January 29, 1903, filed for record March 5, 1906, from Silvey to Maxwell, omitting calls as to bearing trees, reads: "Beginning at the N. E. cor. of the Truitt tract of land on the S. B. L. of the 83½ acre tract; Thence E with said line 796 vrs. to the Overyon road in London; Thence S 109 vrs. to cor. in Henderson & Tyler road; Thence with said road S 88° W 330 vrs.; S 84° W 300 vrs.; S 70° W 174 vrs. to corner on said road, on E. B. L. of said Truitt tract of land; Thence N with same 237 vrs. to place of beginning."

Subject to the outstanding record title which passed into Harrison et al., the record title is regular out of J. M. Smith down into Maxwell. J. S. Hamilton is in this last mentioned chain. Hamilton by deed dated January 10, 1884, filed for record February 21, 1890, conveyed to A. M. Wooley an 83½-acre tract and the 19-acre tract. The field notes describing the 19 acres in this conveyance are the same as used in the deed conveying the land, from Silvey to Maxwell. Wooley conveyed by deed with same field notes to Silvey. This deed is dated August 10, 1896, filed for record same date.

There is no contention made that the Tyler-Henderson road has been changed at the site of the land in controversy during the dates mentioned in any of the conveyances in this record up to the trial. Neither of these litigants nor any predecessor in title has ever fenced or had actual possession of the .17-acre. This suit was filed January 1, 1935. The lands in all conveyances mentioned in this opinion are out of the Francisco Cordova Survey in Rusk County. The Tyler-Henderson, the London-Aro, and the London-Tyler road is the same road at the site of the land in controversy.

Between 1884, when Wooley acquired the 19-acre tract, and August 1896, when he sold to Silvey, Wooley either moved into a residence already erected on the 19-acre tract, or erected a residence thereon. He was then living on same, farming and pasturing and renting out a part of the land to tenants. This was the situation as to his occupancy when he sold to Silvey. The tract, or at least a major portion of same, was then occupied and farmed by Silvey until he sold to Maxwell in 1903, who has so used and occupied the premises down to the date of trial. The deeds defining the limits of the 19 acres calling for the Tyler-Henderson road as its South boundary line had been of record during this period of time. Under these facts, the constructive possession of the .17-acre, being within the field notes of deeds describing the 19 acres, went into Wooley sometime prior to 1896 and continued in his successors in title to date of trial. And such possession ripened title into Maxwell under the Texas 10-year limitation statute. Cunningham v. Frandtzen, 26 Tex. 34; Pearson v. Boyd, 62 Tex. 541; Craig v. Cartwright, 65 Tex. 413; Houston Oil Co. v. Rice Institute, Tex.Civ.App., 194 S.W. 413; Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092. It having been agreed that Maxwell and those holding under him have currently paid the taxes from 1903 upon the land described from Silvey to him, such possession ripened into title also under the Texas 5-year statute of limitation. And under both of these statutes Maxwell has taken title out of Barksdale and Florence (Grissom).

This record does not disclose that any one had ever gone into possession of any part of the 30 acres until 1901 when Finney acquired the 15.3 acres out of the 30 acres from Duncan. Conceding that the description of the land out of Barksdale into Mrs. Florence includes the .17-acre, she did not convey it off and thus defendant does not connect with the common source of title.

It is therefore concluded that plaintiff Maxwell and his predecessors in title having first gone into actual possession of a part of the 19 acres prior to the time Wheelis and his predecessors in title went into actual possession of a part of the 15.3 acres, and the Wooley-Silvey deed in Maxwell's title having been recorded prior in time, the constructive possession of the land in controversy remained in Maxwell until ousted by actual possession by another. Davis v. Cox, Tex.Com.App., 239 S.W. 917; Polk v. Beaumont Pasture Co., 26 Tex.Civ.App. 242, 64 S.W. 58, writ dismissed; Hunnicutt v. Peyton, 102 U.S. 333, 26 L.Ed. 113.

We pretermit a discussion of the propositions advanced by plaintiff relating to the propositions of acquiescence, estoppel by deed, and innocent purchaser.

The judgment of the trial court is affirmed.