## WALTERS PETROLEUM CORPORATION et al. v. MAXWELL et al.

### No. 5787.

Court of Civil Appeals of Texas. Texarkana.

April 17, 1941.

Rehearing Denied April 24, 1941.

Clower, Bezoni & Wilson, of Tyler, for appellants.

Turner, Rodgers & Winn and Frank J. Scurlock, all of Dallas, and Donald Campbell and Leslie A. Thompson, Jr., both of Tulsa, Okl., for appellee.

JOHNSON, Chief Justice.

This suit was filed in 1935 by M. L. Thompson and his lessee, Walters Petroleum Corporation, against H. C. Maxwell and his lessee, Stanolind Oil & Gas Company, in an action of trespass to try title to about ½ acre of land described by metes and bounds in plaintiffs' petition. The half acre is located immediately north of the state highway known as the Henderson and Tyler road, near the town of Old London in Rusk County. It is approximately 20 vrs. wide at the west end and 60 vrs. wide at the east end. Its north line runs in a southwest-northeast course. Its south line coincides with the Henderson and Tyler road. Plaintiffs specially pleaded that they had acquired title to the half acre by adverse possession under the 5, 10 and 25-year statutes of limitation. The defendants filed a general demurrer, general denial, plea of not guilty, and specially pleaded the 3, 5, 10 and 25-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519. This is the second appeal. The first trial resulted in a judgment for plaintiffs. That judgment was reversed and the cause remanded. Tex.Civ.App., 120 S.W.2d 813. The second trial resulted in a directed verdict and judgment for defendants, from which plaintiffs have appealed.

The record shows that appellant Thompson owns a larger tract of land located immediately south of the Henderson and Tyler road at the point in question. His chain of title does not reach back to the sover-

eignty of the soil, but he and those under whom he claims have acquired title to the tract south of the road by adverse possession. His actual possession did not extend to any of the land north of the road. He contends that the half acre in question lying north of the road is within the boundaries of the land described in his deed and that he acquired a limitation title to the half acre north of the road, under the theory of constructive possession, by reason of his actual possession of the land south of the road.

Thompson purchased his land from E. D. and Jasper Truitt by deed dated October 7, 1922, in which the land is described as follows: "One lot known as the Dobbins place, bounded on the north by the Sam Smith place, on the east by the J. B. Hollingsworth and C. P. Eskridge places, and on the south by the Fowler place." Thompson's chain of title runs back to a deed from A. C. Barksdale to Andrew Wooley dated December 1, 1881, filed for record September 3, 1894. Each of the deeds in Thompson's chain of title contains practically the same description as copied above. It will be noted that for description of its north boundary line Thompson's land is "bounded on the north by the Sam Smith place." Appellee Maxwell owns the land known as the Sam Smith place. It consists of a 19-acre tract which Maxwell purchased, together with a larger tract adjoining the 19 acres on the north from A. A. Silvey, by deed dated January 29, 1903. The 19-acre tract is described in Maxwell's deed as follows: "Second tract adjoining the above described tract beginning at the N. E. corner of the Truitt tract of land on this S. B. L. of the above described tract R. O. 20' dia. brs. S. 5½ W—a hickory 10' dia. brs. N. 28 W. 11½ vrs. Thence east with said line 796 vrs. to the Overton road in London and Thence South 109 vrs. to corner, in Henderson & Tyler road; Thence with said road S. 88 W. 330 vrs. S. 84° W. 300 vrs. S. 70° W. 174 vrs. to corner in said road on E. B. L. of the said Truitt tract of land B. J. 20' dia. brs. S. 34 E. 9½ vrs. B. J. 16' dia. brs. S. 9 W. 9⅕ vrs. Thence North with same 237 vrs. to the place of beginning, containing 19 acres."

Said 19-acre tract known as the Sam Smith place has been described by metes and bounds as above quoted, and has been referred to as the Sam Smith place, the Sam G. Smith tract, or the S. G. Smith

homestead tract, and the Henderson and Tyler road has been called for as its south boundary line, in each of the deeds in Maxwell's chain of title, and which deeds have been of record, running back from a deed to J. S. Hamilton to A. N. Wooley dated January 10, 1884, and filed for record February 10, 1890. Continuously, since during the time that Hamilton owned the land, Maxwell and those under whom he claims have lived on the 19-acre tract. The Sam Smith residence was on the 19-acre tract. Maxwell lived in the old house for a time and then replaced it with a new one. All the 19-acre tract has been continuously under fence during said time, except the half acre in question. The half acre in question consists of an approach or open space between Maxwell's dwelling house and the Henderson and Tyler road. The half acre is within the metes and bounds description of the 19-acre tract.

Appellants contend that the south boundary line of the Sam Smith place runs north of the Henderson and Tyler road and coincides with the north line of the half acre described in their petition. In support of this contention appellants introduced the following deeds to Sam Smith: (1) O. B. Belcher to Samuel G. Smith, dated January 14, ———, filed for record September 1, 1860, describing the following tract of land: "Beginning at the N. W. corner of the lot sold by me to C. F. McClarty, known as the McClarty store lot, Thence south with the west boundary of said lot ninety five (95) varas, to a stake; thence west sixty seven varas (67) to a stake on the east boundary of the Dr. Lee Survey; Thence north with said line to the South boundary of J. S. Hamilton's land on which he now lives; Thence east with said line sixty seven varas (67) to the place of beginning, containing one acre and 286 square varas," (2) J. M. Smith to S. G. Smith, dated August 7, 1871, filed May 8, 1872, describing the following land: "Beginning at the N. W. corner of S. G. Smith it being a small lot sold by C. P. Eskridge off of said Survey to said S. G. Smith; Thence W. with J. S. Hamilton S. boundary six hundred & Seventy five varas to S. W. Smith N. E. corner thence S. with said Truitt's Survey, about one hundred and eighty seven varas or until it reaches the London & Tyler road; thence east with said Road leaving a lane of fifty feet from the South margin of said road six hundred

& Seventy five varas to a corner; Thence N. 10° W. about one hundred & twenty five varas to the place of beginning, containing twenty acres more or less."

Appellants then introduced the testimony of their surveyors, A. L. Land and John Klotz. Their testimony is to the effect that, since the discovery of oil on the land in 1931, they have surveyed the land described in the deeds last above mentioned in accordance with the courses and distances therein called for; that according to their survey, the south boundary line of the land described in said deeds is located on the ground north of the Henderson and Tyler road and coincides with the north line of the half acre as described in appellants' petition. Appellants contend that said deeds and the testimony of said surveyors show, or is sufficient to raise an issue, that the true south boundary line of the land owned by Sam Smith as described in his deeds when properly surveyed upon the ground will run north of the Henderson and Tyler road, and coincide with the north boundary line of the half acre as described in plaintiffs' petition. Appellants further contend that the south boundary line of the land to which Sam Smith held title by said deeds should control as being the south boundary line of the "Sam Smith place" and as constituting the true division line between Thompson's land on the south and Maxwell's land on the north.

■ For purposes of this appeal, from a judgment entered on a directed verdict, appellants' evidence is to be given the effect of its most favorable inference. It will be assumed that the south boundary line of the Sam Smith place as described in Sam Smith's deeds when properly surveyed will run on the ground where surveyed by appellants' surveyors. But as against the undisputed evidence herein detailed, we do not agree that the south boundary line of the land described in Sam Smith's deeds is controlling as the division line between Thompson's and Maxwell's lands. There is no testimony showing that the south boundary line of the land described in Sam Smith's deeds was ever in fact, by a survey or otherwise, previously established or recognized upon the ground at the place where surveyed by appellants' surveyors. On the other hand, at the time Thompson purchased his land in 1922, and for more than thirty years prior thereto, Maxwell and his predecessors in title had continuously occupied the land known as the Sam Smith place, under deeds of record describing same by metes and bounds which call for the Henderson and Tyler road as its south boundary line. The undisputed testimony further shows that the Henderson and Tyler road had been in fact continuously recognized as the south boundary line of the Sam Smith place as far back in point of time as the old settlers remembered. W. P. Keeling, witness for appellants, testified on direct examination, in substance, that in 1882 he was with Mr. Hamilton and Mr. Wooley when they pointed out the Henderson and Tyler road as being the south boundary line of the Sam Smith place. The record shows that at that time Mr. Hamilton owned the land known as the Sam Smith place and that Mr. Wooley owned the land south of the road now owned by Thompson. Three of Mr. Thompson's predecessors in title testified. Their testimony is to the effect that during the time they owned the Thompson land the Henderson and Tyler road was recognized by them as the dividing line between their land on the south and the Sam Smith place on the north, and that they never claimed any land north of the road. L. J. Mims who owned and occupied the Thompson land from 1890 to 1894 testified: "My understanding when I bought the property and when I sold it, was that the line of it was the old road running from Tyler to Henderson." Dr. R. J. Blackwell owned and occupied the Thompson land from 1896 to 1907. Dr. Blackwell is dead, but his widow testified. Her testimony is that during the time she and her husband lived on the Thompson land they recognized the Henderson and Tyler road as its north boundary line: "We claimed to the Henderson and Tyler road." W. C. Shaw who owned and occupied the Thompson land from 1907 to 1909 testified that he recognized the Henderson and Tyler road as being its north boundary line. "Q. Did you claim any of the property north of the Henderson and Tyler road? A. No, sir." Not only does the testimony fail to show that any of Thompson's predecessors in title ever claimed that the south boundary line of the Sam Smith place was located otherwise than coincident with the Henderson and Tyler road, but the undisputed testimony affirmatively shows that during a continuous period of more than ten years Thompson's predecessors in title recognized the Henderson and Tyler road as the south

boundary line of the Sam Smith place and as the north boundary line of the Thompson land; and during which time Maxwell and his predecessors in title were claiming the Henderson and Tyler road as the south boundary line of the Sam Smith place, then occupied by them, under deeds of record calling for the Henderson and Tyler road as its south boundary line. In such circumstances, we think the Henderson and Tyler road is controlling as the division line between Thompson's land on the south and Maxwell's land on the north. Anderson v. Atlantic Oil Producing Co., Tex.Civ.App., 83 S.W.2d 418, writ refused; Dow v. American Liberty Oil Co., Tex.Civ.App., 83 S.W.2d 401; Wheelis v. Maxwell, Tex.Civ.App., 120 S.W.2d 935.

The judgment of the trial court will be affirmed.