TEXAS & NEW ORLEANS RAILWAY COMPANY v. ORANGE & NORTHWESTERN RAILWAY COMPANY.

Decided April 24, 1902.

Eminent Domain—Condemning Railroad Right of Way—Appeal and Supersedeas —Possession—Injunction.

In a proceeding by a railway company to condemn for its use a crossing over the track and right of way of another company, there was an award of $1 damages, but on appeal to the county court judgment of condemnation was rendered without any damages, and defendant appealed, executing a supersedeas bond. Appellee then made a deposit of double the amount of damages originally awarded, and executed a bond as required by the statute (General Laws 1899, page 105) authorizing the petitioner in such a proceeding to take possession pending appeal upon depositing double the amount of damages awarded, paying the costs and giving bond to secure future costs. Appellant then applied to the Court of Civil Appeals for an injunction to restrain appellee from taking possession of the crossing pending the appeal, claiming that the statute did not apply where no damages were awarded. Held that appellee, having complied with the statute, was authorized to take possession, and that the injunction should be denied.

Appeal from the County Court of Orange. Tried below before Hon. George F. Pool.

*Watts, Chester & Ellison,* for appellant.

*Holland & Holland,* for appellee.

ORIGINAL APPLICATION FOR INJUNCTION.

GARRETT, CHIEF JUSTICE.—The appellant has applied to this court for an injunction to restrain the appellee, pending appeal, from entering upon and taking possession of a part of the roadbed and right of way of the appellant sought to be condemned by the appellee for a crossing of its railroad over that of appellant. Proceedings were regularly instituted by the appellee to condemn the crossing, and to an award of the commissioners assessing its damages at $1 the appellant objected and carried the case to the County Court, where judgment was rendered condemning the crossing without damages. The appellant gave a supersedeas bond for appeal, and contends that the judgment of the County Court is superseded by the bond pending appeal to this court. The appellee, however, has deposited double the amount awarded by the commissioners and paid the costs and executed a bond for the payment of further costs, and is proceeding to take possession of the property. This the appellee claims was authorized by the Act of April 15, 1899 (General Laws, page 105).

But it is contended by the appellant that the act can not apply where no damages where awarded, and that its property can not be taken without compensation. While the appellant may be entitled to at least nominal damages for the property taken, the failure to award such would be an error to be corrected on appeal, and pending that the appellee would have the right to take possession of the property upon compliance with the terms of the statute, although no damages were awarded. Such being the case the judgment is not superseded by the appeal bond, and this court has no right to interfere with the possession of the appellee pending the appeal. The question of the right to condemn the property can not arise on this application, and if as a condition precedent to condemnation it should be necessary to apply to the Railroad Commission for its determination as to the manner of crossing under the Act of April 15, 1901 (Laws, page 255), that would still not authorize the interference of this court by injunction, as it can only exercise the power to issue the writ in the enforcement of its jurisdiction. Rev. Stats., art. 997. If the judgment of the court below is void the appellant can not enjoin its execution on an original application to this court; but if entitled to it at all, must go to a court having original jurisdiction to grant the injunction. If the judgment is not void this court has no right to interfere, because it has not obtained jurisdiction of a superseded judgment, since the appellee, having complied with the statute, is authorized to take possession of the property. Appellant's application for injunction is refused.

*Refused.*