# BRISCOE *v.* RUDOLPH ET AL., COMMISSIONERS OF THE DISTRICT OF COLUMBIA.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 141.  Argued April 25, 1911.—Decided May 29, 1911.

Sections 997 and 1012, Rev. Stat., and Rule 35 of this court, require assignments of error and apply to appeals from courts of the District of Columbia. *Realty Co.* v. *Rudolph*, 217 U. S. 547. An assignment in the brief is not sufficient.

This court, under Rule 21, can and in this case, as the appeal was taken before the decision in *Realty Co.* v. *Rudolph*, will, notice a plain error of fact even if unassigned.

Whether a special assessment for benefits of a street opening is excessive is a question of fact. *English* v. *Arizona*, 214 U. S. 359.

Congress, under its wide legislative power over the District of Columbia, may create a special assessment district and charge a part or all of the cost of a public improvement upon the property therein according to the benefits received.

Where, as in this case, the court is possessed of statutory jurisdiction and all the essential facts appear to have existed, the judgment is no more subject to collateral impeachment than one entered in exercise of general jurisdiction.

Although the court could have, on motion of the dissatisfied owner, set the assessment in a special proceeding aside, and ordered a new trial, if the owner failed to take the proceedings provided by the statute, and the court had jurisdiction of the parties and subject-matter, the judgment cannot be attacked collaterally in a suit to enjoin sale under the judgment of assessment.

The act of February 10, 1899, 30 Stat. 834, c. 150, extending Rhode Island avenue and authorizing assessments for benefits on property within the assessment district created by the act, is not unconstitutional as depriving owners within the district of their property without due process of law either because not providing sufficient notice or as arbitrarily assessing one-half the damages upon property within the designated district.

32 App. D. C. 167, affirmed.

The facts, which involve the validity of a street opening assessment in the District of Columbia, are stated in the opinion.

*Mr. Samuel Maddox,* with whom *Mr. H. Prescott Gatley* was on the brief, for appellant.

*Mr. E. H. Thomas* for appellees.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a bill filed by a lot-owner whose property was subjected to a special assessment for benefits resulting from the extension of Rhode Island Avenue in the City of Washington. The object of the bill is to vacate the assessment and enjoin the sale about to be made by the Commissioners of the District.

The case was heard upon the bill, answer and an agreed statement of facts, and was dismissed without prejudice, to proceed in the case in which the assessment had been made for cancellation, if so advised.

The proceeding under which the special assessment in question was instituted in March, 1899, was in pursuance of authority conferred by an act of Congress of February 10, 1899, entitled "An act to extend Rhode Island Avenue." 30 Stat. 834, c. 150. That act provided that one-half of the amount awarded as damages should be assessed against the lands within an area described, as benefits, considering the benefits received by each lot within the area. Such assessments were declared a lien on the lots severally assessed and were to be collected as special improvement taxes in five equal instalments, with interest at four per cent until paid. The lot owners were not formally notified, but notice was given by publication to all property owners as required by the statute. Following the act, a jury of seven was appointed, who viewed the property and assessed damages and benefits; the lot owned

by this appellant being assessed for benefits in the sum of one thousand dollars. A rule was then made requiring all persons whose lots had been so assessed to appear and show cause why the verdict of the jury of seven should not be confirmed. The appellant appeared and filed a number of objections, which may be shortly stated as follows:

*a.* That the act of Congress is unconstitutional, as not providing for notice, and as an arbitrary assessment of one-half of the damage upon lots in a designated area.

*b.* That the assessment against the appellant was excessive, unjust, and an unequal apportionment of benefits.

*c.* Want of notice and opportunity to appear and be heard by the court or the said jury of seven and want of notice as to any of the proceedings until cited to show cause why the verdict of the jury should not be confirmed.

These objections were overruled and the verdict and assessment confirmed. This final judgment was on June 27, 1900. Like objections by other lot-owners assessed for benefits were filed and overruled at the same time.

From this action of the Supreme Court of the District an appeal was prayed but never prosecuted. More than two years thereafter the Commissioners advertised the lot and proceeded to sell the same to enforce payment of the whole amount of the assessment. Thereupon this bill was filed.

There is no assignment of errors as required by §§ 997 and 1011, Rev. Stat., and by Rule 35 of this court. These statutes and the rule apply to appeals from the courts of the District of Columbia, as we pointed out in the case of *Columbia Heights Realty Co.* v. *Rudolph,* 217 U. S. 547. An assignment in the brief of appellant seems to have been regarded by many members of the District bar as sufficient. That erroneous practice has been followed here, and three errors have been assigned, though in

substance there are but two. One is that the act of February 10, 1899, for the extension of Rhode Island avenue, is unconstitutional. The other is, that the judgment confirming the assessment made by a jury of seven over the objection of the appellant is void, and conferred no authority to enforce by sale the assessment so made.

This appeal was taken prior to the warning contained in the *Columbia Heights Realty Company Case.* For this reason, we shall avail ourselves of the provision in the 21st rule of this court, by which we reserve the right to "notice a plain error," not because we assume the errors assigned in the brief to be "plain," but that questions of such gravity may not be passed without notice, in view of the practice heretofore prevailing in the courts of the District of Columbia.

The objection to the constitutionality of the act of February 10, 1899, 30 Stat. 834, c. 150, as stated in appellant's brief, is, "that it authorizes an assessment of appellant's property to meet the cost of public improvements, in substantial excess of the special benefits conferred by the improvements, and to the extent of such excess confiscates appellant's property to public use without compensation."

If by this it is meant to say that the act upon its face authorizes an assessment for benefits in excess of actual benefits conferred, the objection is not tenable. There is nothing upon the face of the act to indicate that one-half of the damage awarded to those owners whose property is taken for the extension of the street is an amount in substantial excess of the special benefits realized by owners of property in the special improvement district created by the act. If, on the other hand, it is meant that, as matter of fact, the assessment against owners assumed to be benefited is so excessive as compared to actual benefits as to amount to a taking of such excess for public purpose without compensation, then there is no evidence in the

record bearing upon the subject. The question of the excessiveness of a special assessment for benefits resulting from a public street improvement is one of fact. *English* v. *Arizona,* 214 U. S. 359.

That Congress under its wide legislative power over the District of Columbia, may create a special improvement district and charge a part or all of the cost upon the property in that improvement district, can hardly be doubted. It would be but an exercise of the power of taxation for a public purpose in an area carved out for the purpose. In *Webster* v. *Fargo,* 181 U. S. 394, it was held that a State might create such special taxing districts and charge the whole or part of the cost of a local improvement upon the property in the district, either according to valuation, superficial area or frontage. That it is within the power of Congress to create such a special improvement district and charge the cost of an improvement therein according to the benefits received by property within such district, has been more than once affirmed. *Bauman* v. *Ross,* 167 U. S. 548; *Wight* v. *Davidson,* 181 U. S. 371; *Martin* v. *District of Columbia,* 205 U. S. 135; *Columbia Heights Realty Co.* v. *Rudolph,* 217 U. S. 547.

When, as under the act for the extension of Rhode Island avenue, only one-half of the cost is to be charged upon lot-owners within the improvement district, and that upon each lot-owner in proportion to the benefit his property has received, the question of whether one such owner has been assessed beyond his proportion is one of fact, and does not touch the validity of the improvement act. This appellant was an owner within the special improvement district. That he was benefited to the extent of one thousand dollars has been determined by the confirmed verdict of the jury which was charged with the duty of proportionately distributing that part of the damages which Congress required to be paid by owners within the improvement district.

The other matter to be noticed is the contention that the sale to enforce the lien of the assessment is under an absolutely void judgment of the Supreme Court of the District of Columbia. The claim is that when the appellant appeared under a citation to show cause why the verdict of the jury of seven should not be confirmed, and filed objections to the verdict, that it was the duty of the court to have ordered a jury of twelve for a reëxamination of the matter. The section under which this contention is made prescribes the method to be pursued for the assessment of damages to land-owners when land is taken or damaged for public roads. If an owner object to the laying out or extension of the road or street and the damages are not agreed upon, a jury of seven is to be empanelled, who are to go upon the premises and assess the damages, and this assessment is to be reduced to writing and signed by the jury, attested by the marshal, returned into court and "recorded."

Section 263 of the Revised Statutes relating to the District of Columbia, provides that "if the authorities or any owner of the land are dissatisfied with the verdict," etc., the marshal shall be ordered to summon a second jury of twelve, who are to give the parties notice and meet on the premises "and proceed as before directed in regard to the first jury."

The exceptions filed by the appellant, and others included in same verdict, have elsewhere been stated. These were overruled and the assessment · confirmed as made, and certified for collection. An appeal was prayed and granted, but not prosecuted, because of a stipulation that it should "abide by the decision of the Supreme Court of the United States in the pending case of *Wight* v. *Davidson,*" since decided and reported in 181 U. S. 371. That decision was adverse upon every question common to the two cases. After the decision and after the time had elapsed for any error proceeding the Commissioners of the

District proceeded to advertise a sale of the lots so specially assessed for the collection of the amount. Thereupon this bill was filed and the sale has ever since stood enjoined.

*Wight* v. *Davidson* did not present one question which is presented here, namely, that it was the duty of the *nisi prius* court, upon the presentation of the objection which challenged the assessment upon this owner's property by the first jury as excessive, to have at once directed the calling of a second jury, under § 263, Revised Statutes relating to the District of Columbia. It is not necessary to consider the effect of the stipulation to abide by the result of the appeal in that case, as foreclosing the question stated, inasmuch as we are clearly of opinion that the failure of the Supreme Court of the District to order a second jury was at most an error which can only be available in appropriate error proceedings. It is, however, in this connection just to say that the record in the case fails to show that the court was asked for such second jury. The duty, if it existed without such motion, arose from the fact that the exceptions challenging the amount of the assessments, constituted a statement that the owner, within the meaning of § 263, "was dissatisfied with the verdict thus rendered," and therefore entitled without more to another jury. But the court was possessed of jurisdiction over the parties and over the subject-matter. If the owner assessed did not in some way take steps to set aside the first verdict, its confirmation would necessarily be final. If he was denied a second jury, when entitled to it, the court would fall into error; but the order confirming the assessment would not be void. There is no possible ground for upholding the present collateral attack if the order was voidable only.

The court was in the exercise of a special statutory jurisdiction, but all the facts necessary to the exercise of that jurisdiction appear to have existed, and such a judgment

is no more subject to collateral impeachment than if the court had been exercising its general jurisdiction. *Secombe* v. *Railroad Co.*, 23 Wall. 108; *Fauntleroy* v. *Lum*, 210 U. S. 230, 234; *United States, for use, etc.* v. *Morse*, 218 U. S. 493.

We find no error in the decree dismissing the bill for which we should reverse, and the decree is therefore

*Affirmed.*