## NEWMAN ET AL., COMMISSIONERS OF THE DISTRICT OF COLUMBIA, v. LYNCHBURG INVESTMENT CORPORATION.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 163.   Argued Marcd 3, 1915.—Decided March 22, 1915.

The fact that a statute requiring notice has been construed in a number of cases in the jurisdiction as meaning the method used in the case is an important element to be considered by the courts in construing it.

The notice required by § 491 c of subd. 1 of Ch. 15 of the Code of the District of Columbia requiring public notice of not less than twenty days to be given of the institution of a condemnation proceeding construed as meaning that notice shall be given twenty days before the time set and not that it shall be given on twenty distinct days before that time.

This court assumes that a special act directing condemnation proceedings adjudicates the benefits as a whole and leaves open all questions as to any particular lots. It is error for the trial court not to instruct that the burden is on the District to establish by preponderance of evidence the extent of special benefits accruing to a particular parcel.

The jury in a condemnation proceeding should be instructed as to their duty in regard to considering dedications of land taken.

Assessments for benefits cannot be separated, and error in charging in that respect cannot be corrected, by reversal of the judgment in part.

Although the intermediate appellate court may have erred in basing its reversal of the lower court on the matter of most general importance in a case in this court on certiorari if its judgment was correct on other points it should be affirmed.

40 App. D. C. 130, affirmed.

THE facts are stated in the opinion.

*Mr. Conrad H. Syme* and *Mr. James Francis Smith* for petitioners:

The notice as published satisfied the requirements of the law.

In regard to dedications no instructions were requested nor exception taken. Therefore the judgment should not be reviewed. *Met. R. R. Co.* v. *District of Columbia,* 195 U. S. 332.

The reasonableness of the verdict is a question for trial judge and is not reviewable. *Col. Heights Realty Co.* v. *McFarland,* 217 U. S. 547, 560.

No injustice is shown.

The burden of proof is not upon the petitioners. *Bauman* y. *Ross,* 167 U. S. 548; *Wight* v. *Davidson,* 181 U. S. 371; *Henderson* v. *Macfarland,* 33 Apps. D. C. 317; *Baltimore* v. *Smith,* 80 Maryland, 458.

The vacation of verdict *in toto,* notwithstanding two parties only excepting, was error. *Briscoe* v. *MacFarland,* 32 App. D. C. 167; § 491h of D. C. Code.

In support of these contentions see also *Aldis* v. *South Park,* 171 Illinois, 424; *Allen* v. *Kerr,* 13 Lea (Tenn.), 256; *Andrews* v. *Ohio & Miss. Ry.,* 14 Indiana, 169; *Armstrong* v. *Scott,* 3 Greene (Iowa), 433; *In re Bassford,* 50 N. Y. 510; *Boswell* v. *Otis,* 9 How. 336, 350; *Bouldin's Case,* 23 Maryland, 328; *Central Savings Bank* v. *Baltimore,* 71 Maryland, 515; *Dologny* v. *Smith,* 3 Louisiana, 418, 423; *District of Columbia* v. *Cemetery,* 5 App. D. C. 497; *Drainage District* v. *Campbell,* 154 Missouri, 151; *German Bank* v. *Stumpf,* 73 Missouri, 311, 314; *Harrison* v. *Newman,* 71 Kansas, 325; *Jenkins* v. *Pierce,* 98 Illinois, 646; *Johnson* v. *Dorsey,* 7 Gill, 269, 286; *Land Co.* v. *Loan Co.,* 52 Nebraska, 410; *Leffler* v. *Armstrong,* 4 Iowa, 487; Lewis on Eminent Domain, 579; *Baltimore* v. *Little Sisters,* 56 Maryland, 400; *McGilvery* v. *Lewiston,* 13 Idaho, 338; *Muskingum Turnpike* v. *Ward,* 13 Ohio, 120; Paige & Jones on Taxation, 763; *P., W. & B. R. R.* v. *Shipley,* 71 Maryland, 515; *Royal Ins. Co.* v. *South Park,* 175 Illinois, 491; *Stine* v. *Wilkson,* 10 Missouri, 75; *Washington* v.

*Bassett,* 15 R. I. 563; *Weld* v. *Rees,* 48 Illinois, 428; *White* v. *Malcolm,* 15 Maryland, 529.

*Mr. Joseph W. Cox* and *Mr. W. C. Sullivan,* with whom *Mr. J. J. Darlington, Mr. A. E. L. Leckie* and *Mr. John A. Kratz* were on the brief, for respondents:

Failure to consider dedications in making assessments of benefits as directed by statute requires the verdict of the jury to be set aside.

Injustice will result to the respondents if verdict is allowed to stand.

The provision of the Code which was disregarded in the making of assessments is mandatory, and such disregard necessitates the setting aside of the verdict.

Even if the provision were not mandatory, the plain error involved in disregarding it requires that the verdict be set aside.

The notice as published was not sufficient to authorize the making of assessments.

The burden of proof was upon the District to show the extent of benefits.

Numerous authorities sustain these contentions.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was a proceeding by the petitioners for the extension and widening of Colorado Avenue and Kennedy Street in the District of Columbia, under a special act of June 30, 1911, c. 1, 37 Stat. 1. A jury was summoned, assessed the damages for the land to be condemned for the purpose, found that the lots described in a schedule would be benefited to the amounts set forth, and assessed those sums against them. The verdict was objected to and excepted to by the respondents, but was confirmed by the Supreme Court. On appeal the judgment was reversed by the Court of Appeals of the District. 40 App. D. C. 130

The first ground of reversal was that the notice of the proceedings was insufficient, which, if true, will cast a cloud upon a great number of condemnations that have been made heretofore. The condemnation is a proceeding *in rem* under and in accordance with subchapter one, of chapter 15, of the District Code. By § 491c of that subchapter the court is to "cause public notice of not less than twenty days to be given of the institution of such proceeding, by advertisement in three daily newspapers published in the District of Columbia," etc. The order in this case directs publication "once in the Washington Law Reporter and on six secular days in the Washington Evening Star, the Washington Herald, and the Washington Post, . . . commencing at least twenty days before" January 9, 1912, the date fixed for appearance. The objection and the decision of the Court of Appeals was that the order did not follow the statute because the statute requires that notice shall be published in three daily papers for at least twenty days.

The respondents are concerned only as parties assessed for the betterment. As such they could not be mentioned by name in the notice since by the statute the jury decides what land is benefited as well as the sum with which it shall be charged. Section 491g. It is necessary, of course, that due precautions should be taken to see that they get notice in fact. This consideration together with the requirement that the publication shall be in a daily paper and its view of the meaning of the words led the Court of Appeals to the conclusion to which it came. Nevertheless we are of a different opinion: The statute means that notice shall be given either not less than twenty days before the time set or on twenty distinct days before that time. We think it means the former. As to the usage of speech, when we speak of giving a week's or a month's notice we mean a notice that is a week or a month before the event. The fact that the statute has been so construed

in a great number of cases in the District, a list of which
has been submitted to us, is important not only as con-
firmation of our view but as a reason for taking it if we
felt more doubt than we do. It seems to be the prevailing
rule in the state courts although there are decisions on the
other side. Publication in daily papers is explained suffi-
ciently by their being the papers that business men are
most likely to read. It was said that construed as we con-
strue it the statute would be satisfied if a single publication
were made a year before the day. The answer is that the
court fixes the notice and will see that no injustice is done.
It should be observed further that the statute itself is
notice of everything except the time and place of the pro-
ceeding. It locates exactly upon the face of the earth the
extensions to be made and gives their length and width.
We are of opinion that the order of publication complied
with the law.

The other questions brought before us by the certiorari
are of no general importance and may be disposed of in a
few words. They concern the conduct of the trial, matters
that in the absence of very clear error we leave to the local
courts. It was held to be error not to instruct the jury
that the burden was upon the District to establish by a
preponderance of evidence the extent of the special bene-
fits accruing to the property to be charged. We may as-
sume that the special act has adjudicated the extent of
the benefits as a whole, *Briscoe* v. *District of Columbia*,
221 U. S. 547, 551, but it leaves open all questions as to
any particular lot. Those elements of the petitioners'
case remained for them to prove.

A matter more insisted upon by the Court of Appeals
is that the jury were not instructed to take into considera-
tion the dedication of land for the improvement and the
value of the land so dedicated, as the Code requires that
they should be. Section 491g. The court was satisfied
from an examination of the record that the jury did not

consider valuable dedications made by the respondents. The argument is very strong that the court was right on the matter of fact, and as the jury were not instructed as to their duty we accept the conclusion of the Court of Appeals. We also agree with that court that the assessments for benefits cannot be separated and therefore that the error cannot be corrected by a reversal of the judgment in part. The result is that although the Court of Appeals erred upon the matter of most general importance its judgment reversing that of the Supreme Court must be affirmed.

*Judgment affirmed.*