**NATIONAL ASS'N OF AUDUBON SOCIETIES v. ARROYO COLORADO NAV. DIST. OF CAMERON AND WILLACY COUNTIES.**

**No. 10096.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1937.

Rehearing Denied Dec. 1, 1937.

Abney & Whitelaw, of Brownsville, for appellant.

Lorimer Brown & Davis, of Harlingen, for appellee.

SLATTON, Justice.

This is a condemnation proceeding instituted by the Arroyo Colorado Navigation District of Cameron and Willacy Counties against the National Association of Audubon Societies, a New York corporation. The commissioners appointed by the judge of the county court at law of Cameron county allowed the relief asked by the navigation district and found that no damages would accrue to the society.

Numerous objections were filed by the society to the report of the commissioners, and upon trial before the county court at law the report of the commissioners was confirmed, except that the court allowed the society $1 as nominal damages and adjudged costs against the navigation district.

The society holds a lease for a term of fifty years from the commissioner of the

General Land Office for the State of Texas, which was authorized by chapter 20, of the Acts of the First Called Session of the 37th Leg.(1921). The navigation district was granted the right to construct and maintain a channel 1,000 feet wide through the waters of the leasehold estate held by the society over the public domain of Texas. The society has appealed.

 The society by its first three propositions asserts that the navigation district having ample authority under the law to procure the fee from the state of Texas to land sought to be condemned and failing to exercise such right, that as against it, the holder of a leasehold estate, the state is a necessary party in such condemnation proceedings, and that a petition failing to allege some right procured from the state, or failing to make the state a party, is subject to general demurrer. To these contentions we cannot agree. By article 8263, § 34, of the Revised Civil Statutes of Texas (Vernon's Ann.Civ.St. art. 8263h, § 34) the right of eminent domain is conferred upon all navigation districts. In such article the Legislature has delegated the authority to navigation districts to determine for themselves the necessity for the taking, and has lodged in such districts the discretion to determine what estate or interest in the required property shall be condemned. This authority is only limited by the statute itself, and, unless this discretion is palpably abused by the district, the courts will not intervene. Pecos & N. T. Ry. Co. v. Malone (Tex.Civ.App.) 190 S.W. 809; McInnis v. Brown County Water Imp. Dist., 41 S.W.2d 741.

Under the statute the discretion was lodged with the district to determine for itself whether it was necessary to obtain a fee-simple title to the right of way sought to be condemned or an easement over and through the leasehold estate held by the appellant.

 By its fourth and fifth propositions the society urges that it was reversible error for the trial court to overrule its general demurrer, claiming, in effect, that there was an inconsistency, in that, as the district alleged that the defendant society claims some right, title, or interest in the land and waters described, the exact nature of the society's interest cannot be determined by the district, and further alleged that a leasehold interest in said land and waters is now owned by the defendant society. Article 3264 of the Revised Civil Statutes of 1925, as amended by Acts 1934, 2d Called Sess. c. 37, § 1 (Vernon's Ann.Civ.St. art. 3264) states the necessary allegations required in statutory condemnation proceedings.

In Lewis on Eminent Domain (3d Ed.) § 412, vol. 2, p. 743, it is said: "The term owner as used in condemnation statutes embraces not only the owner of the fee, but a tenant for life, a lessee for years, and any other person who has an interest in the property that will be affected by the condemnation."

Applying the well-established rules with reference to a pleading tested by general demurrer, we hold that the allegations of the petition were sufficient. Houston North Shore Ry. Co. v. Tyrrell (Tex.Sup.) 98 S. W.2d 786, 108 A.L.R. 1508, and authorities there cited.

 The society next complains at the action of the county court at law in appointing the commissioners, claiming that the act creating the county court at law for Cameron county reserved the right and duty of appointment of commissioners in condemnation proceedings to the county judge of Cameron county. The jurisdiction of the county court at law of Cameron county is provided by article 1970—305, Vernon's Ann.Civ.St. We overrule this contention on the authority of Texas & N. O. Ry. Co. v. Beaumont (Tex.Civ.App.) 285 S.W. 944; Acree v. State (Tex.Civ. App.) 47 S.W.2d 907; Shannon et ux. v. Tarrant County (Tex.Civ.App.) 99 S.W.2d 964, Id. (Tex.Sup.) 104 S.W.2d 4.

 By its seventh and eighth propositions the society contends that the Legislature, in authorizing the commissioner of the General Land Office of Texas to give it a leasehold interest in a part of the public domain of Texas, thereby dedicated such portion of the public domain to a public use. We are of the opinion that in this proceeding it is unnecessary for us to determine whether or not the act of the Legislature authorizing the lease of a part of the public domain of Texas to the society is a dedication to the public use, for the reason that the evidence offered by the navigation district tended to show that its condemnation and use of a channel through the leasehold estate of the society would not in any wise destroy, hamper, or deter the use for which the society is using its leasehold estate. The trial court having found that the interest of the society was

not substantially injured, it is unnecessary, we think, to determine whether or not the society is exercising a public use. Ft. Worth & R. G. Ry. Co. v. S. W. Tel. & Tel. Co., 96 Tex. 160, 71 S.W. 270, 60 L. R.A. 145.

The tenth proposition of the society urges that it was reversible error for the trial court to award only $1 nominal damages, and claims that the uncontradicted evidence in the record shows that the society will suffer a greater amount of damages than that found by the trial court. We have stated that the evidence on the part of the navigation district tended to show that there would be no injury whatever to the society. On the other hand, the evidence on behalf of the society tended to show that it would be required to employ an additional game warden. Upon this conflict of the evidence, it was the duty of the trial court to determine the controversy. The trial court having found that there would be only nominal damages accruing to the society, this court is bound by such finding. 3 Tex.Jur. p. 1102, § 771.

The society claims, by its eleventh proposition, that the Legislature having granted to navigation districts the power of eminent domain after it gave to the society exclusive leasehold, and in granting the power of eminent domain to the district without expressly repealing or limiting the act authorizing the leasehold estate of the society, that the district was without power of eminent domain over the leasehold estate of appellant, in the absence of a showing of absolute necessity. We are doubtful of the act authorizing the leasehold estate to the society being an appropriation of a part of the public domain for public use. However, as we have heretofore pointed out, it is unnecessary for us to so determine, for the reason that the trial court has found that the taking of the property by the district would not interfere with the use of it by the society. Texas & N. O. Ry. Co. v. City of Beaumont, supra.

These views also dispose of appellant's twelfth proposition.

The society, by its thirteenth proposition, asserts that the taking of a portion of its leasehold estate by the district materially impairs, if not destroys, the purpose of its lease, and thereby is in violation of article 1, § 10, of the Constitution of the

United States, and article 1, § 16, of the Constitution of the State of Texas.

We are of the opinion that, when the society accepted its lease, under the authority granted by an act of the Legislature of the state of Texas, it did so with the full knowledge of the law that its property, that is, its leasehold estate, might be taken through the power of eminent domain. In the case of City of Cincinnati v. Louisville & N. R. Co., 223 U.S. 390, 32 S.Ct. 267, 269, 56 L.Ed. 481, the Supreme Court of the United States say: "Every contract, whether between the state and an individual, or between individuals only, is subject to this general law. There enters into every engagement the unwritten condition that it is subordinate to the right of appropriation to a public use." See Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575, Ann.Cas.1914B, 322.

By its fourteenth and last proposition, the appellant complains that it was denied its rights under the due process clause of the Constitution, because the commissioners were not appointed by the county judge of Cameron county, reurging the same proposition as contained in its sixth proposition. We are of the opinion that all of the statutory proceeding had in this cause were in substantial compliance with the statutes and rules applicable to such statutes.

There being no reversible error, the judgment is affirmed.