William R. HALE et ux., Appellants,

v.

LAVACA COUNTY FLOOD CONTROL DISTRICT et al., Appellees.

No. 13627.

Court of Civil Appeals of Texas.

Houston.

Feb. 16, 1961.

Rehearing Denied March 9, 1961.

Miller & Cross, James E. Cross, Yoakum, for appellant.

Armond G. Schwartz, Hallettsville, for appellees.

Gus J. Struas, County Judge of Lavaca County, Hallettsville, pro se.

WERLEIN, Justice.

Appellants appeal from a judgment sustaining appellees' plea in abatement and motion to dismiss entered by the District Court of Lavaca County, Texas, in appellants' suit against appellees, Lavaca County Flood Control District et al, to recover damages on account of trespass upon their property. Appellees in their plea in abatement asserted that the District Court had no jurisdiction over the case for the reason that the County Court of Lavaca County had entered a final judgment with respect to damages in condemnation proceedings which the Flood Control District had brought against appellants.

The trial judge made findings of fact, which are not attacked by appellants on this appeal. The Court concluded that all proceedings in connection with the condemnation of appellants' property and the judgment entered by the County Judge of Lavaca County on March 17, 1959, were regular and in accordance with law; that appellants failed to file written objections to the award within the time and in the manner required by law; and that the award and judgment, not being appealed, became final. The Court then concluded that it had no jurisdiction to hear the case.

The evidence shows that the Special Commissioners, duly appointed by the County Judge, assessed damages in the condemnation suit in the sum of "None ($ ———) Dollars." Since appellants did not file any objections to such award, the County Judge on March 17, 1959, acting in a ministerial capacity, caused said decision to be recorded in the Minutes of the County Court of Lavaca County as the judgment of the Court, and entered judgment vesting-

title in the Lavaca County Flood Control District to the right of way and easement in and over appellants' land. On September 4, 1959 appellants filed this suit to recover $5,000.00 damages to their property, alleging that appellees, after having condemned and taken what purported to be the right of way, easement and property rights to a part of their homestead, as shown by the decree entered in the County Court, went on their property and excavated a great amount of soil from part of the land lying next to the Lavaca River, and greatly damaged their homestead by removing grass and top soil and certain trees.

Appellants assert that since the judgment of the Court awarded them no damages, it is in all things void and in contravention of the Constitution of the State of Texas, Article I, Sec. 17, Vernon's Ann. St., prohibiting the taking of private property for public use without adequate compensation being made. They allege in their first supplemental petition that this suit is not an appeal from the award of the Commissioners but a suit for damages, appellants choosing to ignore a void judgment and sue the defendants for damages to their property.

■ The Constitution of Texas, Article I, Sec. 17, provides that, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, *unless by the consent of such person*; * * *" (Emphasis supplied.) The question which confronts us is whether the judgment entered by the County Court upon failure of appellants to object to the award of the Special Commissioners, is void because it decrees that appellants recover nothing. The present suit is not a direct but a collateral attack upon the judgment. The District Court properly dismissed the suit unless the judgment is void and can be collaterally attacked by appellants.

■ Article 3266, Vernon's Ann.Tex. St., sets out the general provisions with respect to the condemnation of property, and provides, among other things, that if either party is dissatisfied with the decision made by the Special Commissioners, such party may within 10 days after the same has been filed with the County Judge file his objection thereto in writing. If no objections are filed within 10 days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the Court. The judgment thus becomes the judgment of the Court, although there is no right of appeal therefrom. Pearson v. State, 1958, 159 Tex. 66, 315 S.W.2d 935.

■ Although the condemnation proceedings in question were regular in every way, appellants filed no objection to the award, but waited nearly six months and then filed this suit. They had the right to file objections with the clerk of the Court, in which case the jurisdiction of the Court would have attached, and they could have then established their damages in a court of competent jurisdiction. The case would have been tried in the same manner as any other civil suit in the County Court, with the right to appeal from the judgment of the County Court. By their failure to file objections to the award, appellants precluded themselves from a judicial hearing in a court of competent jurisdiction which was available to them. They were not denied due process.

In Appleby v. City of Buffalo, 1911, 221 U.S. 524, 31 S.Ct. 699, 702, 55 L.Ed. 838, the Supreme Court of the United States speaking through Mr. Justice Day said, with reference to depriving a property owner of his property without just compensation, in contravention of the Fourteenth Amendment to the Constitution of the United States:

"The alleged denial of Federal right rests upon the assertion that the damages were nominal, while the property taken was of greater value. But, as this court has heretofore held, if the

state has provided adequate machinery for the ascertainment of compensation, upon notice and hearing, and the record discloses no ruling of law which prevented compensation to the owner for the property taken, there is no lack of due process."

See also Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135. In North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 496, 69 L.Ed. 953, the Court stated: "Having failed to adopt such procedure, the plaintiff cannot complain of a denial of due process of law."

In the present case appellants do not assert a denial of due process as such, but do contend that the judgment in question is void because they were not awarded compensation. Article I, Sec. 17 of the State Constitution contemplates that a person's property may be taken without compensation if such person consents thereto. Due process requires that the landowner be given an opportunity to establish his damages, but he is not required to do so. He may waive or disregard such right and consent to his property being taken or damaged without payment of any compensation. In the instant case the record shows that appellants were present in person and were also represented by their attorney. They were aware of all that was being done. They made no objection whatever to the action of the Special Commissioners, although given every opportunity to do so. They stood by and accepted what was done. They at least impliedly consented to the taking of their property without payment of compensation. Having impliedly consented to the action of the Commissioners, if they did not actually consent, they cannot now complain that their property has been taken without due process or without payment of compensation.

Our conclusion of implied consent is further supported by the presumption that the Special Commissioners properly performed their duties and that the County Judge undertook to enter a judgment that was valid and regular. See Hightower v. City of Tyler, Tex.Civ.App., 134 S.W.2d 404, 407, writ ref., where it is stated: "Consent is an act of the will. It need not be written, but may be spoken, or acted, or it may be implied." We think City of La Grange v. Pieratt, 1943, 142 Tex. 23, 175 S.W.2d 243, indirectly bears upon the matter of consent. In that case Pieratt sued the city to recover lost profits as an element of consequential damages to his property. The Supreme Court, in deciding against Pieratt, held that he had a perfect right to present such loss in the previous condemnation proceedings, and having such right it was his duty to do so.

We cannot say that the judgment in question is void on the face of the record, thereby subjecting it to collateral attack in view of the implied consent of appellants. There is no contention made that the Special Commissioners in making their award did so arbitrarily or capriciously or that the Court was actuated by anything but the best of motives. We think every presumption should be indulged in favor of the validity of the judgment since appellants were present during the proceedings, and the Commissioners had jurisdiction over them and over the subject matter and the relief to be granted. The general rule is that the only defect that will make a judgment void is lack of jurisdiction of the court, such lack being apparent upon inspection of the judgment or of its record. 25 Tex.Jur., p. 693, § 254. See Ferguson v. Ferguson, Tex.Civ.App., 98 S.W.2d 847. If any mistake was made by the Special Commissioners and the County Court, it was a mistake as to the evidence, or at most as to the measure of damages, to which, as heretofore stated, appellants consented, at least impliedly. Moreover, as stated in 49 C.J.S. Judgments § 19, p. 46, "Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject

to be set aside in a proper proceeding for that purpose, will not render the judgment void * * *" See Pettit v. Commissioners of Wicomico County, 123 Md. 128, 90 A. 993, citing Huling et al. v. Kaw Valley Ry. & Improvement Co., 130 U.S. 559, 9 S.Ct. 603, 32 L.Ed. 1045. The rule against collateral attack applies not only in the case of formal suits at law or in equity, but also to the judicial determination of the courts in special proceedings, out of the course of common law, or founded wholly on statutes. Briscoe v. Rudolph, 221 U.S. 547, 31 S.Ct. 679, 55 L.Ed. 848.

If every judgment of the county court could be collaterally attacked on the ground of inadequate damages or a finding of no damages in a proceeding where the landowners were present and made no objections, and thereby consented to the award, there might be no end to litigation in the wake of condemnation proceedings.

We have not found or been cited to any case directly in point, but it is our view that the judgment in question is not void and cannot be collaterally attacked, in view of the implied consent of appellants to the taking of their property. Having been furnished a reasonable and constitutional remedy, and having deliberately stood by and taken no action, thereby consenting to the taking of their property, as they had the right to do under the Constitution, they are in no position now to complain because not given the right to prosecute their suit for damages in the District Court.

In Texas & N. O. R. Co. v. Orange & N. W. R. Co., 29 Tex.Civ.App. 38, 68 S.W. 801, the contention was made that the condemnation act of April 15, 1899 (General Laws, p. 105) could not apply where no damages were awarded, and that the company's property could not be taken without compensation. The court stated that, "While the appellant may be entitled to at least nominal damages for the property taken, the failure to award such would be an error to be corrected on appeal; and pending that the appellee would have the right to take possession of the property upon compliance with the terms of the statute, although no damages were awarded." See also National Ass'n of Audubon Societies v. Arroyo Colorado Nav. Dist., Tex.Civ.App., 110 S.W.2d 150.

■ In Aronoff v. City of Dallas, Tex. Civ.App., 316 S.W.2d 302, it was indicated that under the evidence the jury were entitled to find to the effect that the leasehold in question had no value. True the court in that case stated that there was no showing made that the leasehold estate was taken without adequate compensation. The court held that the appellant had the burden of proving that its leasehold estate had a value and it failed to put on sufficient competent evidence to satisfy the jury in this respect. The law is well settled in Texas that in condemnation proceedings the burden of proving damages is on the landowner. See 16 Tex.Jur., p. 745, Eminent Domain, § 403, and authorities there cited.

See also Bourgeois v. Mills, 60 Tex. 76, in which our Supreme Court held that the fact that the Commissioners of review had allowed no damages to landowners through whose land a public road was laid out, affords no ground for exercising the revisory power of the district court, since it was incumbent upon the owners to show that they had availed themselves of all proper remedies in the Commissioners' Court.

The Trial Court did not err in sustaining appellees' plea in abatement to the jurisdiction and in dismissing appellants' cause of action.

Judgment affirmed.

## On Motion for Rehearing

■ Appellants, in their motion for rehearing, assert that this Court erred in finding that appellants were represented by counsel at the hearing before the Special Commissioners. The award of the Special Commissioners as filed and as set out in the

judgment of the County Court recites, "* * * and all parties having been duly notified of the time and place of meeting as by law required, and all parties appearing in person *and by their attorneys,* and after fully hearing said parties, * * *" etc. (Emphasis supplied.) We find nothing in the record that contradicts such recital. If, as appellants assert de hors the record, they were not represented by their attorney, they nevertheless cannot gainsay that they were present and testified in person at the hearing, as shown both in the award and the District Judge's finding of fact, which is not attacked.

Motion for rehearing overruled.