**CITY OF HOUSTON, Appellant,**

v.

**BANKERS MORTGAGE COMPANY et al.,
Appellees.**

No. 16363.

Court of Civil Appeals of Texas, ·
Houston (1st Dist.).

Aug. 29, 1974.

Rehearing Denied Oct. 3, 1974.

Jonathan Day, City Atty., Fred R. Spence, Sr. Asst. City Atty., Houston, for appellant.

Liddell, Sapp, Zivley & Brown, W. Robert Brown, Charles H. Waters, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a judgment dismissing a condemnation action for want of jurisdiction.

On or about February 8, 1974 the City of Houston filed a "Plaintiff's Statement" in an eminent domain proceeding with the judge of the County Civil Court at Law No. 2. The City sought thereby to acquire fee simple title to a certain tract of real property owned by Bankers Mortgage Company. Notice of hearing was thereafter duly served upon the Bankers Mortgage Company, informing Bankers Mortgage Company of the appointment of certain named persons as Special Commissioners, and further informing it of the date, time and place of a hearing for the purpose of assessing damages due to and arising out of the condemnation of said tract. The hearing was held before the Special Commissioners on March 21, 1974. It was attended by representatives of the City and Bankers Mortgage, and by the lessee of the tract. On March 27, 1974 the Special Commissioners filed their award in the amount of $608,350.00. Objections to the award of the Special Commissioners were duly filed on April 1, 1974. Thereafter, Bankers Mortgage filed in the County Court its motion to dismiss for want of jurisdiction.

Appellee, Bankers Mortgage Company, alleged as grounds for dismissal that at the hearing before the Special Commissioners neither the City nor appellee offered evidence from which the Commissioners could ascertain the value of the tract of land to be condemned. It was alleged that although the Commissioners afforded both parties an opportunity to introduce evidence the City introduced only the copy of a letter from the Director of the Real Estate Department of the City to Bankers Mortgage Company and B. D. Starnes, the lessee, containing an offer of $608,350.00 as payment for the fee simple title to the tract sought to be condemned. It is alleged that neither of the parties produced any further evidence.

After a hearing on the motion to dismiss, which was not reported, a judgment was entered in the County Civil Court at Law No. 2, which reads in part:

"After consideration of the pleadings and argument of counsel, it is ORDERED, ADJUDGED and DECREED that the Defendants' motion to dismiss for want of jurisdiction is hereby sustained, since the City of Houston offered nothing to the Special Commissioners except over objection its letter of final offer to all defendants in the sum of $608,350.00; and the Defendants offered no evidence of value to the Special Commissioners."

Appellant states in its brief, "There is no Statement of Facts since the Court's dismissal of the case was based on the pleadings." Appellee does not deny this statement in its brief. On oral argument counsel for both parties agreed that the only evidence presented at the hearing before the Commissioners was the offer letter. We will consider this appeal, therefore, on the basis that an agreed case was presented to the judge of the County Civil Court at Law.

Appellee takes the position in this court, as it did in the trial court, that the Special Commissioners had a statutory duty to hear evidence sufficient to constitute the basis for an award of damages. It is reasoned that the offer letter constitutes no evidence of the value of the land, and as the result the Special Commissioners failed to follow the statutory directive that they hear evidence. Appellee contends that this

is jurisdictional and supports the action of the trial court.

Sections 10 and 11 of Article 3264, Vernon's Annotated Civil Statutes, provide:

"10. When service of notice has been perfected, the commissioners shall at the time and place appointed or at any other time and place to which the hearing may be adjourned, proceed to hear the parties.

"11. [The] Commissioners shall have the power to compel the attendance of witnesses and production of testimony, administer oaths, and punish for contempt as fully and in the manner as is provided by law for judges of the county courts."

Article 3265, V.A.T.S., Section 1, provides: "The commissioners shall hear evidence as to the value of the property sought to be condemned . . ."

Section 6 of Article 3266, V.A.T.S., provides:

"If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

■■ The purpose of the quoted provisions of Article 3264 and Article 3265, supra, is to require that the Commissioners afford a full opportunity for the parties to present such evidence of the value of the property to be condemned and as they may deem proper. It was the duty of the Commissioners to assess the damages. It is settled that at a trial in the county court

the burden of proving the value of the property taken rests upon the condemnee. State v. Jackson, 388 S.W.2d 2d 924 (Tex. Sup.1965). In City of La Grange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243 (1943), the court stated: "Since he [the landowner] had such right [to put on evidence of damages at the Commissioners' hearing], we think it follows, as a matter of course, that it was his duty so to do."

■■ While we have found no case directly deciding the question, we conclude that the burden of producing evidence before the Special Commissioners in a condemnation case rests on the landowner. On his failure or refusal to produce evidence, the Commissioners properly could enter an award of nominal damages. See Hale v. Lavaca County Flood Control Dist., 344 S.W.2d 245 (Tex.Civ.App.—Houston [1st Dist.] 1961, no writit); Texas & N. O. R. Co. v. Orange & N. W. R. Co., 68 S.W. 801 (Court of Civ.App. of Texas 1902, no writ).

■ A condemnee cannot escape its burden of proving the damage which it suffered by the simple expedient of refusing to put on evidence thereby casting the burden on the condemnor. The failure of the Commissioners to hear evidence is not a jurisdictional defect. The Commissioners made an award. Since this award was not satisfactory to the condemnees, they properly filed objections to the award with the clerk of the County Court at Law. The County Court at Law then acquired jurisdiction of the controversy, which could not be defeated by the showing of an irregularity in the proceedings before the Special Commissioners. The County Court at Law erred in sustaining the motion to dismiss.

Reversed and remanded.